U.S. BANK NATIONAL ASSOCIATION
AS TRUSTEE FOR SROF–2013–M4
REMIC TRUST I, Appellant

v.

TFHSP LLC SERIES 6481, Appellee

NO. 02–15–00209–CV

Court of Appeals of Texas,
Fort Worth.

DELIVERED: March 17, 2016

Luke Madole, Sammy Hooda, Buckley Madole, P.C., Dallas, TX, for Appellant.

Justin Nichols, The Nichols Law Firm, San Antonio, TX, Kenneth Harter, Law Offices of Kenneth Harter, Carrollton, TX, for Appellee.

PANEL: WALKER, GABRIEL, and SUDDERTH, JJ.

## OPINION

SUE WALKER, JUSTICE

### I. INTRODUCTION

This is a restricted appeal from a no-answer default judgment. In a single issue, Appellant U.S. Bank National Association as Trustee for SROF–2013–M4 Remic Trust I argues that the trial court lacked personal jurisdiction over U.S. Bank because the service of process was invalid. Because error is apparent on the face of the record based on Appellee TFHSP LLC Series 6481's failure to strictly comply with the statutory provisions applicable for serving process on U.S. Bank, we will reverse and remand for further proceedings.

### II. PROCEDURAL BACKGROUND

Appellee filed suit against U.S. Bank to quiet title to real property located in Tarrant County. Appellee's original petition sets forth the following allegations related to U.S. Bank:

2. Defendant is U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR SROF–2013–M4 REMIC TRUST I. Defendant is sued in its fiduciary capacity. As a foreign fiduciary, it has irrevocably appointed the Texas Secretary of State as its agent for service of process, pursuant to Estates Code § 500.005.[1] Defendant has desig-

1. The Texas Estates Code does not contain a chapter 500; however, section 505.004 of the

nated the following person as the person to whom the Secretary of State should transmit service of process:

Kristin A. Strong
Corporate Counsel and Assistant Secretary, U.S. Bank National Association
350 North Robert Street, Suite 495
St. Paul, MN 55101

. . . .

10. Defendant claims ownership of the second deed of trust pursuant to a chain of assignments.

11. The assignment under which Defendant claims title to the property was recorded on July 24, 2014 as instrument No. D214158392.

. . . .

3. Plaintiff alleges that its interest is superior to that claimed by Defendant, and that by virtue of the assessment lien sale described above, any interest held by Defendant was terminated.

Citation was issued and served on the Texas Secretary of State as an agent of U.S. Bank. The certificate from the Texas Secretary of State states that a copy of the citation and original petition was received on December 17, 2014, and that a copy was forwarded on December 31, 2014, by certified mail, return receipt requested to the address set forth above for U.S. Bank. The certificate further states, "The PROCESS was returned to this office on January 13, 2015, Bearing the Notation, Return to Sender, Attempted Not Known, Unable To Forward." U.S. Bank did not file an answer.

Appellee then filed a motion for default judgment and a certificate of last-known address for U.S. Bank, listing the address

as 60 Livingston Av EP–MN WS3d, St. Paul, MN 55107. On February 2, 2015, the trial court signed a final default judgment against U.S. Bank. The Tarrant County District Clerk mailed a copy of the final judgment to the address for U.S. Bank shown in the original petition, not the address shown in the certificate of last-known address; the envelope was returned on February 17, 2015, with the notations "NO SUCH NUMBER" and "UNABLE TO FORWARD." U.S. Bank did not file any postjudgment motions or requests for findings of fact and conclusions of law.

U.S. Bank filed this restricted appeal on July 1, 2015. Appellee did not file a brief.

### III. Error Is Apparent on the Face of the Record

In its sole issue, U.S. Bank argues that the trial court lacked personal jurisdiction over U.S. Bank because the service of process was invalid.

#### A. Standard of Review

■ To prevail in a restricted appeal, an appellant must establish that (1) it filed notice of the restricted appeal within six months after the judgment was signed, (2) it was a party to the underlying lawsuit, (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law, and (4) error is apparent on the face of the record. *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex.2004).

#### B. General Law on Service of Process

■ In a restricted appeal, defective service of process constitutes error appar-

Texas Estates Code describes documents that a foreign corporate fiduciary must file with secretary of state, including a written instrument appointing the secretary of state and its

successors as the fiduciary's agent for service of process. *See* Tex. Estates Code Ann. § 505.004 (West 2014).

ent on the face of the record. *See Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152–53 (Tex.1994). Service of process must be performed in strict compliance with the appropriate statutory provisions to support a default judgment. *See McKanna v. Edgar*, 388 S.W.2d 927, 929 (Tex.1965). "Virtually any deviation will be sufficient to set aside a default judgment in a restricted appeal." *Dolly v. Aethos Commc'ns Sys, Inc.*, 10 S.W.3d 384, 388 (Tex.App.–Dallas 2000, no pet.).

In analyzing whether the plaintiff strictly complied with the appropriate statutory service-of-process requirements, there are no presumptions favoring valid service in a direct attack on a default judgment. *McKanna*, 388 S.W.2d at 929. The same rule applies to inferences of jurisdictional facts. *Id.* at 929–30.

Because jurisdiction must affirmatively appear on the face of the record, the plaintiff has the burden of making sufficient allegations to bring the defendant within its provisions. *Id.* at 930. The purpose is to give the nonresident defendant notice of the facts on which the plaintiff will rely as authorizing exercise of jurisdiction over the defendant's person. *Gourmet, Inc. v. Hurley*, 552 S.W.2d 509, 512 (Tex.Civ.App.–Dallas 1977, no writ). Unless the petition states the grounds of jurisdiction, the defendant is not in a position to make an informed decision as to whether he should appear and defend the suit, make a special appearance to contest jurisdiction, or let the judgment go by default and resist its enforcement in his own state on due process grounds. *Id.*

## C. Service of Process on a Foreign Corporate Fiduciary [2]

Subchapter A of chapter 505 of the Texas Estates Code governs service of process on foreign corporate fiduciaries. *See generally* Tex. Estates Code Ann. §§ 505.001–.006 (West 2014). At the outset, section 505.001 defines the term "foreign corporate fiduciary" as a corporate fiduciary that does not have its main office or a branch office in this state. *Id.* § 505.001. Section 505.003 of the Texas Estates Code provides:

(a) Subject to Subsections (b) and (c) and Section 505.004, a foreign corporate fiduciary may be appointed by will, deed, agreement, declaration, indenture, court order or decree, or otherwise and may serve in this state in any fiduciary capacity, including as

(1) trustee of a personal or corporate trust;

(2) executor;

(3) administrator; or

(4) guardian of the estate.

(b) A foreign corporate fiduciary appointed to serve in a fiduciary capacity in this state must have the corporate power to act in that capacity.

(c) This section applies only to the extent that the home state of the foreign corporate fiduciary appointed to serve in a fiduciary capacity in this state grants to a corporate fiduciary whose home state is this state the authority to serve in like fiduciary capacity.

*Id.* § 505.003.

Before qualifying or serving in Texas in a fiduciary capacity, a foreign corporate fiduciary must file the following documents with the Texas Secretary of State:

---

**2.** Because the statutory provisions governing service of process on a foreign corporate fiduciary were cited infrequently when they appeared in the Texas Probate Code and have recently been recodified in the Texas Estates Code, we set forth the applicable statutes in detail.

(1) a copy of the fiduciary's charter, articles of incorporation or of association, and all amendments to those documents, certified by the fiduciary's secretary under the fiduciary's corporate seal;

(2) a properly executed written instrument that by the instrument's terms is of indefinite duration and irrevocable, appointing the secretary of state and the secretary of state's successors as the fiduciary's agent for service of process on whom notices and processes issued by a court of this state may be served in an action or proceeding relating to a trust, estate, fund, or other matter within this state with respect to which the fiduciary is acting in a fiduciary capacity, including the acts or defaults of the fiduciary with respect to that trust, estate, or fund; and

(3) a written certificate of designation specifying the name and address of the officer, agent, or other person to whom the secretary of state shall forward notices and processes described by Subdivision (2).

*Id.* § 505.004(a). Service of notice or process described by section 505.004(a)(2) on the secretary of state as agent for a foreign corporate fiduciary has the same effect as if personal service had been had in this state on the foreign corporate fiduciary. *Id.* § 505.005(b).

### D. Analysis

■ The record here demonstrates that U.S. Bank timely filed its restricted appeal within six months after the judgment was signed, that U.S. Bank was a party to the underlying lawsuit, and that U.S. Bank did not participate in the hearing that resulted in the judgment complained of and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law. U.S. Bank has therefore

established the first three elements that are needed to prevail in a restricted appeal. *See Alexander,* 134 S.W.3d at 848. We now turn to the crux of the appeal—whether error is apparent on the face of the record.

■ In analyzing whether Appellee strictly complied with appropriate statutory service-of-process requirements, the face of the record reflects the following. Appellee's petition fails to give notice of the proper section under which service of process should be made and recites limited jurisdictional facts. Appellee's petition contains no allegation that U.S. Bank is a foreign *corporate* fiduciary or that U.S. Bank is a *corporate* fiduciary that does not have its main office or a branch office in this state. *See* Tex. Estates Code Ann. § 505.001. Appellee's petition contains no allegation that U.S. Bank was appointed by will, deed, agreement, declaration, indenture, court order or decree, or otherwise to act as a trustee of a personal or corporate trust, nor does it contain an allegation that U.S. Bank has the corporate power to act as a trustee of a personal or corporate trust, executor, administrator, or guardian of the estate. *See id.* § 505.003(a), (b). Moreover, Appellee's petition contains no allegation that the suit is "an action or proceeding relating to a trust, estate, fund, or other matter within this state with respect to which the fiduciary is acting in a fiduciary capacity, including the acts or defaults of the fiduciary with respect to that trust, estate, or fund." *See id.* § 505.004(a)(2). Because no inferences in favor of the trial court's jurisdiction may be made in a direct attack on a default judgment, we are prohibited from inferring any of the preceding jurisdictional facts based solely on the name of the defendant contained in Appellee's petition.[3]

---

**3.** As stated in *Whiskeman v. Lama,* "Although

this strict rule sometimes leads the courts to

See *McKanna*, 388 S.W.2d at 929–30; *Bank of N.Y. v. Chesapeake 34771 Land Trust*, 456 S.W.3d 628, 629–30, 635 (Tex. App.–El Paso 2015, pet. denied) (refusing to infer that petition's naming of the defendant as "Bank of New York f/k/a The Bank of New York as Trustee for the Certificateholders of The CWABS, Inc. Asset Backed Certificates, Series 2005–9" was an allegation that defendant was acting as an executor, administrator, trustee, or guardian of the estate); *Allodial Ltd. P'ship v. Susan Barilich, P.C.*, 184 S.W.3d 405, 408–09 (Tex.App.–Dallas 2006, no pet.) (applying *McKanna* and refusing to infer from petition's allegations that defendant was a foreign limited partnership subject to the Texas Revised Limited Partnership Act because pleadings did not include this jurisdictional allegation).

After reviewing the record, we conclude that Appellee has failed to allege jurisdictional facts that would provide a basis for asserting jurisdiction over U.S. Bank under subchapter A of chapter 505 of the Texas Estates Code. *See* Tex. Estates Code Ann. §§ 505.001–.006; *Chesapeake 34771 Land Trust*, 456 S.W.3d at 635

(holding that because appellee did not allege that bank was acting as an executor, administrator, or trustee in a matter related to an estate,[4] service of process under former section 105A of probate code—the substance of which now appears in section 505.004(a) of the Texas Estates Code—was inapplicable and was not a basis for asserting jurisdiction over bank); *cf. Allodial Ltd. P'ship*, 184 S.W.3d at 408–09 (holding that trial court did not acquire personal jurisdiction over defendant because plaintiff did not allege facts showing that defendant was amenable to service through the Texas Secretary of State under section 1.08 of TRLPA).[5]

Similarly, assuming that the Texas long-arm statute applies and that the provisions in subchapter A of chapter 505 of the Texas Estates Code are not the exclusive method for serving a foreign corporate fiduciary, the face of the record fails to show that Appellee strictly complied with the long-arm statute's service-of-process requirements; Appellee's petition failed to plead facts that would show that the Texas Secretary of State was U.S. Bank's agent

---

rather weird conclusions, preventing us from making even the most obvious and rational inferences, ... [t]he end effect of our application of the strict compliance standard is an increased opportunity for trial on the merits." 847 S.W.2d 327, 329 n. 1 (Tex.App.–El Paso 1993 no pet.).

4. We note that despite the El Paso Court of Appeals's decision to limit former section 105A(b) of the probate code to require an allegation that the matter related only to an estate, the Texas Supreme Court denied the petition for review. *See Chesapeake 34771 Land Trust*, 456 S.W.3d at 628–36. But even applying current Texas Estates Code section 505.004(a)(2) as written to the present case, Appellee included no factual allegation in its petition that the action upon which it was suing was "an action or proceeding relating to a trust, estate, fund, or other matter within this state with respect to which the fiduciary

is acting in a fiduciary capacity, including the acts or defaults of the fiduciary with respect to that trust, estate, or fund." *See* Tex. Estates Code Ann. § 505.004(a)(2).

5. The present case is distinguishable from this court's prior decision in *Mahon v. Caldwell, Haddad, Skaggs, Inc.*, 783 S.W.2d 769, 771 (Tex.App.–Fort Worth 1990, no writ). In *Mahon*, we held that the record reflected that the defendant was served in the manner required by the statute even though the petition alleged only that the defendant could be served "at his place of business"—not his "home office"; we concluded the record reflected that such address was the defendant's "home office" because only one address was given in the contract as the business address. *Id.* Here, the petition did not just fail to use "magic words" but instead wholly failed to allege jurisdictional facts under the statute pertaining to foreign corporate fiduciaries.

for service of process under any provision of the Texas long-arm statute. *See* Tex. Civ. Prac. & Rem.Code Ann. § 17.044(a)(1) (West 2015) (requiring pleading to allege that nonresident has not designated or maintained a resident agent for service of process), .044(b) (requiring pleading to allege that nonresident does not maintain a regular place of business in this state or a designated agent for service of process); *McKanna*, 388 S.W.2d at 930 (holding that plaintiff did not plead sufficient factual allegations to confer jurisdiction under prior version of long-arm statute); *Chesapeake 34771 Land Trust*, 456 S.W.3d at 635–36 (holding that plaintiffs pleadings were insufficient to invoke jurisdiction based on long-arm statutes); *Bank of N.Y. Mellon v. Redbud 115 Land Trust*, 452 S.W.3d 868, 873–74 (Tex.App.–Dallas 2014, pet. denied) (same); *Lozano v. Hayes Wheels Int'l, Inc.*, 933 S.W.2d 245, 247–48 (Tex.App.–Corpus Christi 1996, no writ) (holding that even if plaintiff had cited proper subsection of long-arm statute, allegations in his petition were insufficient to properly invoke trial court's jurisdiction under either subsection).[6]

Accordingly, because Appellee did not strictly comply with the service-of-process requirements of subchapter A of chapter 505 of the Texas Estates Code or the long-arm statute, we hold that U.S. Bank has shown error apparent on the face of the record. *See* Tex. Estates Code Ann. § 505.004(a)(2); Tex. Civ. Prac. & Rem. Code Ann. §§ 17.044, .045; *Chesapeake 34771 Land Trust*, 456 S.W.3d at 635. Because service on U.S. Bank was defective, the trial court did not acquire personal jurisdiction over U.S. Bank, and the default judgment is therefore void. *See, e.g., Bank of N.Y. Mellon*, 452 S.W.3d at 873–74 (holding that default judgment was void because appellee did not strictly comply with rules for service of process on a financial institution and that trial court therefore did not acquire jurisdiction over bank). Accordingly, we sustain U.S. Bank's sole issue.

### IV. Conclusion

Having sustained U.S. Bank's sole issue, we reverse the default judgment and remand for further proceedings.

SUDDERTH, J., filed a concurring opinion.

BONNIE SUDDERTH, JUSTICE, concurring.

I concur in the outcome but would not go so far as to hold that the statute and case law would require the plaintiff (1) to include an allegation as to the manner in which the defendant became a fiduciary under the estates code or (2) to include an additional allegation that the suit relates to the fiduciary's action in its fiduciary capacity if the petition also includes the state-

---

**6.** For an example of a case in which the plaintiff properly pleaded allegations of jurisdictional facts sufficient to invoke the trial court's jurisdiction under the Texas long-arm statute, see *Dole v. LSREF2 APEX2, LLC*, 425 S.W.3d 617, 623–24 (Tex.App.–Dallas 2014, no pet.). In *Dole*, the service paragraphs in the petition specifically stated that the address provided for the defendants was their home or home office; the petition also recited the requisite language from section 17.044(b) that the defendants did not maintain a regular place of business in this state or a designated agent for process; and the petition further asserted that the lawsuit arose from or was connected with purposeful acts committed by the defendants in Texas and that the foregoing acts constituted acts constituting business in the State of Texas. *See id.; see also Bonewitz v. Bonewitz*, 726 S.W.2d 227, 231 (Tex. App.–Austin 1987, writ ref'd n.r.e.) (holding that despite appellee's allegation of jurisdiction under a superseded version of the long-arm statute, the allegations were sufficient to support the trial court's jurisdiction).

ment "Defendant is sued in its fiduciary capacity" and contains a reference to the pertinent provision of the estates code.[1] *Cf. Harvestons Sec., Inc. v. Narnia Invs., Ltd.,* 218 S.W.3d 126, 132–33 (Tex.App.–Houston [14th Dist.] 2007, pet. denied) (op. on reh'g) (stating that the strict-compliance requirements in the default judgment context preclude courts from making even the most obvious and rational inferences).

1. In this case, the petition did not correctly refer to the pertinent provision of the estates code due to what appears to be a typographical error.