

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-17-00465-CV

BANK OF NEW YORK MELLON                        APPELLANT
F/K/A BANK OF NEW YORK AS
TRUSTEE FOR THE CERTIFICATE
HOLDERS OF CWABS, INC.,
ASSET-BACKED CERTIFICATES
SERIES 2006-10

V.

NSL PROPERTY HOLDINGS, LLC                    APPELLEE

----------

### FROM THE 352ND DISTRICT COURT OF TARRANT COUNTY
### TRIAL COURT NO. 352-291732-17

----------

## MEMORANDUM OPINION[1]

----------

This is a restricted appeal from a no-answer default judgment. Appellant

Bank of New York Mellon f/k/a Bank of New York as Trustee for the Certificate

Holders of CWABS, Inc., Asset-Backed Certificates Series 2006–10 (Bank of

---

[1]*See* Tex. R. App. P. 47.4.

New York) appeals the trial court's final judgment in favor of appellee NSL Property Holdings, LLC (NSL). Bank of New York argues that we must reverse the trial court's judgment because the face of the record shows improper service of process. We disagree and affirm the trial court's judgment.

**Background**

The underlying dispute concerns title to real property. NSL filed a petition against Bank of New York for trespass to try title to property located in North Richland Hills. In NSL's petition, regarding service of citation, it alleged that Bank of New York was formerly known as Irving Trust Company, that Bank of New York was being sued "in its capacity as a foreign fiduciary corporation," that Bank of New York had "irrevocably appointed the Texas Secretary of State to act as its agent for service of process" under chapter 505 of the estates code, and that Bank of New York had designated Stephen Wells to receive the citation and petition from the secretary of state. Concerning the property, NSL alleged that it owned the property through a recorded deed; that Bank of New York had claimed an encumbrance against the property through a deed of trust; that Bank of New York had filed an action to foreclose the property, had obtained an order authorizing foreclosure, and had sold the property to itself at a foreclosure sale; and that the foreclosure was void and therefore failed to transfer title of the property to Bank of New York. NSL asked the trial court to "decree that title to the property [was] vested in [NSL] free of the deed of trust."

2

To its petition, NSL attached a 1981 document signed by executives of the Irving Trust Company. The document was addressed to the secretary of state and stated that it was an application under section 105A of the probate code[2] for the company to serve in a fiduciary capacity. NSL also attached a document in which Irving Trust Company irrevocably appointed the secretary of state to act as its agent for service of process for any matter in which the company was acting in a fiduciary capacity. Finally, NSL attached a document in which Irving Trust Company, "having duly appointed" the secretary of state to serve as its agent for service of process, designated Wells as the agent to whom the secretary of state could forward process.

A process server served citation on Bank of New York through the secretary of state. Bank of New York did not file an answer. NSL filed a motion for entry of a default judgment. In the motion, NSL asserted that because Bank of New York was "sued in its capacity as a foreign fiduciary, service was on the Texas Secretary of State, who was appointed (irrevocably) as agent for service of process." NSL attached an affidavit to its motion that was signed by Mike Rhima, an executive with NSL, and that stated:

> Defendant is sued herein in its capacity as a foreign fiduciary corporation. Defendant is authorized by its charter and the laws of the state of its formation to act as a corporate fiduciary in its home

---

[2]The text of former section 105A of the probate code now appears, with some nonsubstantive, stylistic changes, in section 505.004 of the estates code, which we discuss in detail below. *See Bank of New York v. Chesapeake 34771 Land Tr.*, 456 S.W.3d 628, 635 n.1 (Tex. App.—El Paso 2015, pet. denied)

state and in this state. Defendant has been appointed by indenture to act as the trustee of the CWABS, INC., ASSET-BACK[ED] CERTIFICATES SERIES 2006 . . . . Pursuant to Estates Code Chapter 505, . . . Defendant has irrevocably appointed the Texas Secretary of State to act as its agent for service of process. Defendant has designated the following person to receive [service of process] from the Secretary of State[:]

Stephen B. Wells
One Wall Street
New York, NY 10005.

Service was sent to said person at that address by the Secretary of State . . . .

Plaintiff is the owner of the property the subject of this suit . . . . Plaintiff acquired title to the property on or about April 8, 2016, recording its deed . . . .

Plaintiff's predecessor encumbered the property with a deed of trust . . . in favor of Countrywide Home Loans, Inc. The said deed of trust is a home equity deed of trust . . . that requires a judicial decree to enable the holder to exercise the powers of sale.

Defendant claimed ownership of the deed of trust by virtue of an Assignment . . . . The trust which claims ownership of the deed of trust was not empowered by [its] founding documents . . . to acquire this deed of trust, and is therefore unable to claim any rights thereunder. Defendant, acting on behalf of the trust, filed an action . . . to foreclose the property . . . .

Plaintiff filed an answer in said suit. Notwithstanding Plaintiff's answer and appearance in said case, the Court entered a Default Order on October 21, 2016, authorizing the foreclosure of the property. . . . Defendant conducted a foreclosure sale, selling the property to itself. The Substitute Trustee's Deed is recorded in the Tarrant County Deed Records . . . .

Plaintiff would show that the foreclosure is void, and . . . fails to transfer title to the property. In fact, Defendant has no title to the real estate because the foreclosure sale purporting to convey title was void. . . .

Plaintiff would further show that Defendant never acquired the Deed of Trust because it was unable to do so according to the documents creating said trust. Under the terms of the trust which claims ownership of the deed of trust, the trust is prohibited from acquiring said deed of trust.

The trial court granted NSL's motion for a default judgment. In its final judgment, the court found that "service of process . . . was accomplished according to law" and that Bank of New York had defaulted by failing to answer or appear. The court also found that Bank of New York was a "foreign fiduciary and [was] sued in that capacity." The court decreed that NSL owned the real property at issue free of any encumbrance by a deed of trust.

The trial court signed its final judgment on June 28, 2017. Exactly six months later, on December 28, 2017, Bank of New York filed a notice of restricted appeal.

## This Restricted Appeal – No Error on the Face of the Record

In one issue, Bank of New York contends that we should reverse the trial court's judgment because the record shows all of the requirements for a restricted appeal, including error on the face of the record because of improper service of process. NSL contends that the record does not show error because service was proper.

**Standards for restricted appeals**

A restricted appeal is a direct attack on a trial court's judgment. *Aero at Sp. Z.O.O. v. Gartman*, 469 S.W.3d 314, 315 (Tex. App.—Fort Worth 2015, no pet.). To prevail in its restricted appeal, Bank of New York must establish that

5

(1) it filed its notice of restricted appeal within six months after the judgment was signed, (2) it was a party to the underlying lawsuit, (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law, and (4) error is apparent on the face of the record. *See* Tex. R. App. P. 26.1(c), 30; *Clamon v. DeLong*, 477 S.W.3d 823, 825 (Tex. App.—Fort Worth 2015, no pet.). The face of the record in a restricted appeal "consists of the papers on file with the trial court when judgment was rendered."[3] *See Clamon*, 477 S.W.3d at 825. Error that is "merely inferred" from the record will not suffice to reverse a trial court's judgment in a restricted appeal. *Ginn v. Forrester*, 282 S.W.3d 430, 431 (Tex. 2009).

NSL does not contest Bank of New York's assertion that it satisfies the first three requirements to succeed in its restricted appeal, and the record shows that it does. Thus, whether we must reverse the trial court's judgment depends on whether error is apparent on the face of the record. *See id.*

Bank of New York relies only on alleged defects in service of process to establish error apparent on the face of the record. Defective service of process constitutes error apparent on the face of the record. *U.S. Bank Nat'l Ass'n v.*

---

[3]Both parties attach documents to their briefs that are not part of our appellate record. We cannot consider these documents in determining whether there is error on the face of the record. *See Molina v. Cervantes*, No. 04-16-00741-CV, 2017 WL 4014656, at *2 (Tex. App.—San Antonio Sept. 13, 2017, no pet.) (mem. op.).

*TFHSP LLC Series 6481*, 487 S.W.3d 715, 717–18 (Tex. App.—Fort Worth 2016, no pet.). Service of process must be performed in strict compliance with the appropriate statutory provisions to support a default judgment, and virtually any deviation is sufficient to set aside a default judgment in a restricted appeal. *Id.* at 718; *see Herbert v. Greater Gulf Coast Enters.*, 915 S.W.2d 866, 871 (Tex. App.—Houston [1st Dist.] 1995, no writ) (op. on reh'g) (cautioning that "strict compliance does not require such absolute obeisance to the minutest detail"). As we explained in *U.S. Bank National Ass'n*,

> In analyzing whether the plaintiff strictly complied with the appropriate statutory service-of-process requirements, there are no presumptions favoring valid service in a direct attack on a default judgment. The same rule applies to inferences of jurisdictional facts.
>
> Because jurisdiction must affirmatively appear on the face of the record, the plaintiff has the burden of making sufficient allegations to bring the defendant within its provisions. The purpose is to give the nonresident defendant notice of the facts on which the plaintiff will rely as authorizing exercise of jurisdiction over the defendant's person. Unless the petition states the grounds of jurisdiction, the defendant is not in a position to make an informed decision as to whether he should appear and defend the suit, make a special appearance to contest jurisdiction, or let the judgment go by default and resist its enforcement in his own state on due process grounds.

487 S.W.3d at 718 (citations omitted). Whether service strictly complied with the statutes and rules is a question of law that we review de novo. *LEJ Dev. Corp. v. Sw. Bank*, 407 S.W.3d 863, 866 (Tex. App.—Fort Worth 2013, no pet.).

Bank of New York proposes four reasons why the face of the record shows defective service of process: (1) the appointment of the secretary of state to

7

receive service of process that NSL attached to its petition relates to Irving Trust Company, not Bank of New York; (2) NSL relied on chapter 505 of the estates code to justify service on the secretary of state, but chapter 505 only applies in estate proceedings; (3) NSL failed to comply with statutory requirements for service of process on a financial institution; and (4) Texas's long-arm statute does not authorize substituted service in the circumstances presented here. We now examine these arguments.

**Irving Trust Company's appointment of secretary of state as process agent**

First, Bank of New York argues that service of process through the secretary of state was improper because while NSL relied on an allegation that Bank of New York had irrevocably appointed the secretary of state as its agent for service of process, the documents that NSL attached to its petition showed only that Irving Trust Company had made such an appointment. Bank of New York contends that there is "no evidence that [it] ever made a similar appointment." NSL argues that it alleged in the trial court that Irving Trust Company had become Bank of New York and that this allegation, coupled with the documents showing that Irving Trust Company had appointed the secretary of state as its agent for service, authorized service on the secretary of state.

In NSL's petition, it alleged that Bank of New York Mellon was formerly known as Bank of New York and that Bank of New York was formerly known as Irving Trust Company. Rhima's affidavit, which NSL attached to its motion for entry of a default judgment, stated the same. Thus, NSL pleaded and proved

8

identity between Irving Trust Company and the party it sued, Bank of New York Mellon. To the extent that Bank of New York argues that there is error on the face of the record because the record does not establish an identity of interest between Irving Trust Company and Bank of New York Mellon, we reject that argument.[4]

Broadly construed, Bank of New York's brief may also be read to suggest that the designation of the secretary of state to receive service of process executed by Irving Trust Company could not legally bind the company under a new name. But the general rule is that a "corporate name change does not affect its identity, property rights, or liabilities*." N. Nat. Gas Co. v. Vanderburg*, 785 S.W.2d 415, 421 (Tex. App.—Amarillo 1990, no writ); *see Nelson v. Detroit & Sec. Tr. Co.*, 56 S.W.2d 860, 862 (Tex. Comm'n App. 1933) ("The mere change of name has no effect whatever upon the identity of a corporation, or upon its property rights or liabilities."); *Zuniga v. Wooster Ladder Co.*, 119 S.W.3d 856, 862 (Tex. App.—San Antonio 2003, no pet.) (en banc) ("A corporate name

---

[4]In its brief, Bank of New York twice refers to Irving Trust Company as "some entity," clearly implying to this court that Bank of New York is unaware of any connection between itself and the named entity. Although we consider only the face of the record in our decision to affirm the trial court's judgment, we note that our review of decisional authority establishes the very identity pleaded and proved by NSL between Bank of New York and Irving Trust Company. *See, e.g.*, *King v. Bank of New York Mellon*, 585 F. App'x 147, 148 (4th Cir. 2014) ("The Bank of New York Mellon is Irving Trust Company's successor in interest."); *New Jersey Steel Corp. v. Bank of New York*, 223 B.R. 406, 407 (S.D.N.Y. 1998) (referring to Irving Trust Company as Bank of New York's predecessor in interest).

change has no effect on the identity of the company or its rights and liabilities."). To the extent that Bank of New York argues that a different rule applies here—that is, to the extent that Bank of New York contends that Irving Trust Company's irrevocable appointment of the secretary of state to receive service of process did not extend to Bank of New York and that NSL was required to show that Bank of New York filed its own irrevocable appointment after the name change—it cites no authority for such an argument, and we therefore overrule the argument as inadequately briefed. *See* Tex. R. App. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."); *1901 NW 28th St. Tr. v. Lillian Wilson, LLC*, 535 S.W.3d 96, 102 (Tex. App.—Fort Worth 2017, no pet.).

For all of these reasons, we overrule the first part of Bank of New York's issue.

**The application of chapter 505 of the estates code to this proceeding**

In the second part of its only issue, Bank of New York argues that chapter 505 of the estates code, and more specifically, section 505.004, which authorizes service of process on the secretary of state in certain circumstances, does not apply to this proceeding because "the underlying proceeding was not an estate proceeding." We disagree.

In NSL's petition, it pleaded that under the provisions of chapter 505, Bank of New York was a foreign fiduciary corporation that could be served with process through service on the secretary of state. Chapter 505 applies to foreign

corporate fiduciaries, which are corporate fiduciaries that do not have main offices or branch offices in this state. Tex. Est. Code Ann. § 505.001 (West 2014). A foreign corporate fiduciary may "may be appointed by will, deed, agreement, declaration, indenture, court order or decree, or otherwise and may serve in this state in any fiduciary capacity," including as the trustee of a personal or corporate trust.[5] *Id.* § 505.003(a)(1) (West 2014). Before serving in this state in a fiduciary capacity, the foreign corporate fiduciary must file certain documents with the secretary of state, including

> (2) a properly executed written instrument that by the instrument's terms is of indefinite duration and irrevocable, appointing the secretary of state[6] and the secretary of state's successors as the fiduciary's agent for service of process on whom notices and processes issued by a court of this state may be served in an action or proceeding relating to a trust, estate, fund, or other matter within this state with respect to which the fiduciary is acting in a fiduciary capacity, including the acts or defaults of the fiduciary with respect to that trust, estate, or fund; and

---

[5]NSL pleaded in its petition,

Defendant is authorized by its charter and the laws of the state of its formation to act as a corporate fiduciary in its home state and in this state. Defendant has been appointed by indenture to act as the trustee of the CWABS, INC., ASSET-BACK CERTIFICATES SERIES 2006, as found in the records of the United States Securities and Exchange Commission.

[6]We recognize that Irving Trust Company's appointment of the secretary of state that appears in the record bears a date of March 1981. Bank of New York has not directed this court to any authority indicating that an irrevocable appointment of the secretary of state lapses after a certain duration or that a foreign corporate fiduciary must update or renew such an appointment for the appointment to remain effective.

(3) a written certificate of designation specifying the name and address of the officer, agent, or other person to whom the secretary of state shall forward notices and processes described by Subdivision (2).[7]

*Id.* § 505.004(a)(2)–(3) (West 2014).   Once the secretary of state receives service of process under section 505.004(a)(2), the secretary of state must "promptly forward the notice of process" by registered or certified mail to the person designated by the foreign corporate fiduciary.   *Id.* § 505.005(a) (West 2014).[8]   Service of process on the secretary of state as an agent for a foreign corporate fiduciary "has the same effect as if personal service had been had in this state on the foreign corporate fiduciary."   *Id.* § 505.005(b).

Bank of New York contends that service upon the secretary of state under these provisions was improper because the provisions apply only in "estate proceedings, and the underlying action was not part of any estate proceeding." Applying the plain language of section 505.004(a)(2), we cannot agree.   *See TGS-NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 439 (Tex. 2011)

---

[7]NSL pleaded that it was suing Bank of New York in its capacity as a foreign fiduciary corporation and in its capacity as trustee "for the Certificate Holders of CWABS, INC, ASSET-BACKED CERTIFICATES SERIES 2006-10." NSL pleaded that Bank of New York's predecessor, Irving Trust Company, had executed an irrevocable appointment of the secretary of state to receive service of process and had designated Wells as the person to whom the secretary of state could forward the process.

[8]The record shows that a process server delivered process to the secretary of state.   Rhima stated in his affidavit that the secretary of state forwarded process to Wells, and Bank of New York does not contest service on the ground that Wells did not receive notice of process.

12

(explaining that our objective in statutory interpretation is to discern the legislature's intent through the statute's plain language); *see also Prairie View A & M Univ. v. Chatha*, 381 S.W.3d 500, 507 (Tex. 2012) (explaining that a statute's plain language is the "surest guide" to the legislature's intent). As stated in the excerpt from section 505.004 that we have quoted above, a foreign corporate fiduciary's appointment of the secretary of state as the fiduciary's agent for service of process applies to any action or proceeding "relating to a *trust, estate, fund, or other matter* within this state with respect to which the fiduciary is acting in a fiduciary capacity, including the acts or defaults of the fiduciary with respect to that *trust, estate, or fund.*" Tex. Est. Code Ann. § 505.004(a)(2) (emphasis added). We cannot render this disjunctive statutory language meaningless by concluding that it applies only to estate proceedings. *See TIC Energy & Chem., Inc. v. Martin*, 498 S.W.3d 68, 74 (Tex. 2016) (stating that a court must construe a statute in a way that gives effect to each provision so that "none is rendered meaningless or mere surplusage"); *see also Moss v. U.S. Bank Nat'l Ass'n for Residential Asset Mortg. Prods.*, No. 3:17-CV-1526-D, 2017 WL 4923894, at *1, *4 (N.D. Tex. Oct. 31, 2017) (applying section 505.004(a)(1) in a suit to quiet title to residential property).

We acknowledge that our sister court of appeals in El Paso reached a contrary conclusion. *See Bank of New York*, 456 S.W.3d at 635 (stating that the "appointment of the Secretary of State as the agent to receive service of process under [section 505.004(b)] is limited to matters related to an estate in which the

13

foreign bank or trust company is acting as an executor, administrator, trustee, guardian of the estate, or in any other fiduciary capacity"). Bank of New York relies on the decision by the El Paso court, but that court did not cite any authority supporting its conclusion that section 505.004(b) applies only in estate proceedings, and as explained above, the statute's plain language does not support that conclusion.

Bank of New York also relies on section 21.006 of the estates code, which states that the "procedure prescribed by Title 2 [of the estates code] governs all probate proceedings." Tex. Est. Code Ann. § 21.006 (West 2014). Bank of New York contends that because section 505.004 is within Title 2 of the estates code, section 505.004(a)(2) applies only in probate proceedings. Again, we cannot agree because the broad and disjunctive language of section 505.004(a)(2) expresses the legislature's intent that it applies in any proceeding in which a foreign corporate fiduciary acts in a fiduciary capacity concerning a "trust, estate, fund, or other matter within this state." *See* Tex. Est. Code Ann. § 505.004(a)(2). To the extent of any conflict, we conclude that the more specific language of section 505.004(a)(2) prevails. *See* Tex. Gov't Code Ann. § 311.026(b) (West 2013).

Bank of New York also argues in the second part of its issue that NSL's petition did not allege that this was an "action or proceeding relating to a trust, estate, fund, or other matter within this state with respect to which the fiduciary is acting in a fiduciary capacity, including the acts or defaults of the fiduciary with

14

respect to that trust, estate, or fund." We disagree. NSL alleged that this proceeding related to a trust because it sued Bank of New York in its capacity as trustee "for the Certificate Holders of CWABS, INC, ASSET-BACKED CERTIFICATES SERIES 2006-10" and because it pleaded that Bank of New York had acted on behalf of the trust while seeking foreclosure of the property at issue. And NSL alleged that the proceeding related to Bank of New York's fiduciary acts because it sued Bank of New York in its capacity as a foreign fiduciary corporation.[9]

Finally, we emphasize that this case is factually distinguishable from our decision in *U.S. Bank National Ass'n*, in which we held that we were prohibited from inferring facts authorizing service on the secretary of state under section 505.004(a)(2) "based solely on the name of the defendant contained in [the plaintiff's] petition." *See* 487 S.W.3d at 719. Here, as explained above, NSL alleged those facts in its petition; the facts are not derived solely from Bank of New York's name.

For these reasons, we overrule the second part of Bank of New York's issue.

---

[9]We also note that as a matter of law, a trustee owes fiduciary duties when it acts on behalf of a trust. *See, e.g.*, *Levine v. Steve Scharn Custom Homes, Inc.*, 448 S.W.3d 637, 659 (Tex. App.—Houston [1st Dist.] 2014, pet. denied) (citing *Meyer v. Cathey*, 167 S.W.3d 327, 330 (Tex. 2005)).

15

**Service on a financial institution under section 17.028 of the civil practice and remedies code**

Next, Bank of New York contends that the face of the record shows error because Bank of New York is a financial institution, because section 17.028 of the civil practice and remedies code specifies requirements for service of process on financial institutions, and because the record does not show compliance with those requirements. Section 17.028 states that citation on a financial institution[10] may be completed by serving the financial institution's registered agent. Tex. Civ. Prac. & Rem. Code Ann. § 17.028(a)–(b)(1). If citation is not served on a financial institution as provided by section 17.028, the financial institution may "maintain an action to set aside the default judgment . . . entered against the financial institution." *Id.* § 17.028(d). Bank of New York contends that the record shows that NSL failed to serve its registered agent and relies on an exhibit attached to its brief (but not included in the record) to show that its registered agent is a Dallas company.

In *Moss*, the federal court considered whether section 505.004 and section 17.028 are reconcilable when a plaintiff sues a foreign corporate fiduciary. *See* 2017 WL 4923894, at *4. The court held that the provisions are reconcilable and that service under section 505.004 may satisfy section 17.028's requirement, reasoning,

---

[10]A "financial institution" under section 17.028 includes, among other entities, banks and trust companies. *See* Tex. Civ. Prac. & Rem. Code Ann. § 17.028(a) (West 2015); Tex. Fin. Code Ann. § 201.101(1)(A), (E) (West 2016).

16

> Service on the Secretary of State when a financial institution is acting as a foreign corporate fiduciary under the Estates Code . . . does not run afoul of [section] 17.028. The Estates Code requires the foreign corporate fiduciary acting as a trustee to appoint "the secretary of state and the secretary of state's successors as the fiduciary's agent for service of process," specifically for actions related to the trust "to which the fiduciary is acting in a fiduciary capacity." Tex. Est. Code. § 505.004(a)(2). This appointment is "of indefinite duration and irrevocable." *Id.* Section 17.028's required methods of service on a financial institution include "serving the registered agent of the financial institution." Tex. Civ. Prac. & Rem. Code Ann. § 17.028(b). Because under the Estates Code the financial institution appoints the Secretary of State as its agent when it acts as foreign corporate fiduciary, serving the Secretary of State qualifies as "serving the registered agent of the financial institution." Valid service of a financial institution serving as a foreign corporate fiduciary under the Estates Code is therefore valid service under [section] 17.028.

*Id.*

We agree with this holding and reasoning.[11] Accordingly, we hold that the record shows compliance with both section 505.004(b)(2) and section 17.028(b)(1) through service on the secretary of state, which Bank of New York (through its predecessor in name) appointed as its agent for service of process for this kind of a proceeding. *See* Tex. Civ. Prac. & Rem. Code Ann. § 17.028(b)(1); Tex. Est. Code Ann. § 505.004(b)(2); *Moss*, 2017 WL 4923894, at *4. We overrule the third part of Bank of New York's issue.

---

[11]While Bank of New York relies on a case from the court of appeals in Dallas to contend that service in this case was improper because of failure to comply with section 17.028, the opinion in that case did not address whether service under section 505.004(a)(2) could meet section 17.028(b)(1)'s requirement for service. *See The Bank of New York Mellon v. Redbud 115 Land Tr.*, 452 S.W.3d 868, 871–74 (Tex. App.—Dallas 2014, pet. denied).

17

**Service under the long-arm statute**

Finally, Bank of New York contends that the Texas long-arm statute does not authorize "substituted service" on the secretary of state in this case. Section 17.044 of the civil practice and remedies code states that the secretary of state is an agent for service of process on a nonresident in certain circumstances. Tex. Civ. Prac. & Rem. Code Ann. § 17.044(a)–(b) (West 2015). Bank of New York contends that NSL did not "allege any facts in the [p]etition to support any of" those circumstances.[12] But given our conclusions above that the record demonstrates proper service on the secretary of state under section 505.004(b)(2) of the estates code and under section 17.028 of the civil practice and remedies code, it is immaterial whether substituted service on the secretary of state would have been proper under section 17.044 of the civil practice and remedies code. *See* Tex. Civ. Prac. & Rem. Code Ann. § 17.028(b)(1); Tex. Est. Code Ann. § 505.004(b)(2). We overrule the fourth and final part of Bank of New York's issue.

## Conclusion

For the reasons stated above, we reject Bank of New York's assertion that the face of the record shows error through defective service of process. Bank of New York, therefore, cannot prevail in this restricted appeal. *See* Tex. R. App. P.

---

[12]NSL did not rely on section 17.044 in the trial court to justify service of process on the secretary of state, nor does NSL rely on section 17.044 on appeal.

26.1(c), 30; *Clamon*, 477 S.W.3d at 825. Having overruled Bank of New York's only issue, we affirm the trial court's judgment.

/s/ Wade Birdwell
WADE BIRDWELL
JUSTICE

PANEL:  KERR, PITTMAN, and BIRDWELL, JJ.

DELIVERED:  June 28, 2018