

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-23-00211-CV

———————————————

RELIQ HEALTH TECHNOLOGIES, INC., Appellant

V.

RESURGENCE PARTNERS, LLC (ORGANIZED UNDER THE LAW OF THE
STATE OF WASHINGTON) AND RESURGENCE PARTNERS, LLC
(ORGANIZED UNDER THE LAW OF THE STATE OF WYOMING), Appellees

On Appeal from the 48th District Court
Tarrant County, Texas
Trial Court No. 048-330341-21

Before Birdwell, Bassel, and Womack, JJ.
Memorandum Opinion by Justice Bassel

## MEMORANDUM OPINION

Appellant Reliq Health Technologies, Inc. filed this restricted appeal after the trial court rendered a no-answer default judgment in favor of appellees Resurgence Partners, LLC, a Washington entity, and Resurgence Partners, LLC, a Wyoming entity (collectively, Resurgence). In three issues, Reliq contends that there is error apparent on the face of the record because (1) there is no proof that the Texas Secretary of State forwarded process to Reliq as required by the Texas long-arm statute, (2) there is no proof that Reliq, a Canadian company, was served in accordance with the Hague Convention, and (3) Resurgence's jurisdictional allegations were insufficient, as a matter of law, to bring Reliq under the purview of the long-arm statute. Because we agree that the record does not affirmatively show that the Secretary of State forwarded a copy of process to Reliq, we reverse the default judgment and remand the case for further proceedings.

## I. BACKGROUND

The underlying dispute concerns fraud and breach-of-contract claims[1] asserted by Resurgence against Reliq and its purported agent Giancarlo DeLio. Resurgence, which claims to be a Dallas-based venture-capital firm, alleged that it was defrauded in April 2016 when Reliq, a telemedicine-focused health technology company,

---

[1]Reliq claims that Resurgence asserted only a fraud claim, not a breach-of-contract claim, against it. While we need not address this issue, we note that the default judgment expressly recites the trial court's finding "that [Reliq] and [DeLio] breached their contract with [Resurgence]."

supposedly misrepresented its software capabilities. But according to Reliq, Resurgence's CEO Patrick Earles fabricated the purported business relationship between Resurgence and Reliq as part of a scheme to defraud his own investors, one of whom—Michael Urbach—obtained a $1.9 million judgment against Earles based on his fraudulent misrepresentations.

In June 2021, Resurgence filed suit seeking declaratory and monetary relief against Reliq and DeLio and solely nonmonetary declaratory relief against Urbach. Because Resurgence's claims for declaratory relief against Urbach involved the same subject matter as Urbach's previously filed lawsuit against Earles, the trial court dismissed with prejudice Resurgence's claims against Urbach pursuant to Rule 91a, and we affirmed this dismissal. *See generally Resurgence Partners, LLC v. Urbach*, No. 02-21-00418-CV, 2023 WL 2033945 (Tex. App.—Fort Worth Feb. 16, 2023, no pet.) (mem. op.).

After Resurgence's claims against Urbach were dismissed, the trial court severed Resurgence's claims against Reliq and DeLio into a new lawsuit.

In October 2022, Resurgence filed a motion for default judgment against Reliq and DeLio. On December 8, 2022, following a hearing, the trial court granted Resurgence a default judgment against Reliq and DeLio for $1,050,000 plus an additional $10,000 in attorney's fees.[2] This restricted appeal followed.

---

[2]In February 2023, the trial court signed a corrected final judgment because the original judgment incorrectly recited Resurgence's name as "Resurgent."

## II. Discussion

### A. The Standard for Restricted Appeals

A restricted appeal is a direct attack on a trial court's judgment. *Aero at Sp. Z.O.O. v. Gartman*, 469 S.W.3d 314, 315 (Tex. App.—Fort Worth 2015, no pet.). To prevail on a restricted appeal, an appellant must establish that (1) it filed its notice of restricted appeal within six months after the judgment was signed, (2) it was a party to the underlying lawsuit, (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law, and (4) error is apparent on the face of the record. *See* Tex. R. App. P. 26.1(c), 30; *Clamon v. DeLong*, 477 S.W.3d 823, 825 (Tex. App.—Fort Worth 2015, no pet.). The first three requirements are necessary to invoke our restricted-appeal jurisdiction, but the fourth is not. *Ex parte E.H.*, 602 S.W.3d 486, 496–97 (Tex. 2020).

Additionally, "[w]hile ordinarily presumptions are made in support of a judgment (including presumptions of due service of citation when the judgment so recites), no such presumptions are made in a direct attack upon a [no-answer] default judgment." *McKanna v. Edgar*, 388 S.W.2d 927, 929 (Tex. 1965); *U.S. Bank, N.A. v. TFHSP LLC Series 6481*, 487 S.W.3d 715, 718 (Tex. App.—Fort Worth 2016, no pet.). The Texas Supreme Court has long "required that strict compliance with the rules for service of citation affirmatively appear on the record in order for a default judgment to withstand a direct attack." *Primate Constr. Inc. v. Silver*, 884 S.W.2d 151,

4

152–53 (Tex. 1994) (noting that plaintiff's responsibility of accomplishing service "extends to seeing that service is properly reflected in the record" and holding that there was error on face of the record because it did not affirmatively show proper service); *see also Bartonplace Condos. Homeowners Ass'n v. Keup*, No. 03-14-00453-CV, 2016 WL 1294797, at \*4 (Tex. App.—Austin Mar. 31, 2016, no pet.) (mem. op.) (reversing default judgment because the record did not demonstrate that defendant was amenable to service through the Secretary of State).

Whether service strictly complied with the statutes and rules is a question of law that we review de novo. *LEJ Dev. Corp. v. Sw. Bank*, 407 S.W.3d 863, 866 (Tex. App.—Fort Worth 2013, no pet.).

## B. Analysis of the First Three Requirements

Regarding the first requirement, the record reflects that although Reliq did not file its notice of restricted appeal within the six-month deadline set by Texas Rule of Appellate Procedure 26.1(c), it filed its notice of restricted appeal and a proper motion for extension within fifteen days after the six-month deadline.[3] *See* Tex. R. App. P. 10.5(b), 26.1(c), 26.3, 30; *FJR Sand, Inc. v. Essex Ins. Co.*, No. 01-16-00441-CV, 2016

---

[3]The trial court signed the default judgment on December 8, 2022. Accordingly, Reliq's notice of restricted appeal was due by June 9, 2023, and the fifteen-day extension deadline expired on June 24, 2023. *See* Tex. R. App. P. 26.1(c), 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997); *see also Clopton v. Pak*, 66 S.W.3d 513, 515–16 (Tex. App.—Fort Worth 2001, pet. denied) (concluding, under Texas Rule of Appellate Procedure 4.1(a), that the day the order was signed was not included in calculating the deadline for notice of appeal). Reliq filed its notice of appeal on June 20, 2023, and filed its motion to extend the time to file the notice of appeal the following day. Thus, both were timely filed. *See* Tex. R. App. P. 26.3.

WL 7104022, at *1 (Tex. App.—Houston [1st Dist.] Dec. 6, 2016, no pet.) (per curiam) (mem. op.). Having granted Reliq's motion to extend the deadline to file its notice of restricted appeal, we conclude that the first requirement is satisfied. *See* Tex. R. App. P. 10.5(b), 26.1(c), 26.3. With regard to the second requirement, Resurgence's petition listed Reliq as a defendant, so it was necessarily a party to the underlying suit. As to the third requirement, the record reflects that Reliq did not participate in the hearing on Resurgence's motion for default judgment and did not timely file any post-judgment motions. Accordingly, Reliq has met the three requirements necessary to invoke our restricted-appeal jurisdiction.

## C. Analysis of the Fourth Requirement: Error on the Face of the Record

In its first issue, Reliq argues that there is error on the face of the record because it contains no proof of valid service. We agree.

Resurgence purported to serve Reliq pursuant to the Texas long-arm statute, which provides that the Texas Secretary of State is an agent for service of process of a nonresident defendant that engages in certain actions in the state. *See* Tex. Civ. Prac. & Rem. Code Ann. § 17.044. Service of process on a nonresident defendant through the long-arm statute involves two essential steps: (1) the plaintiff must properly serve the Secretary of State with process and (2) the Secretary of State must forward process to the nonresident defendant. *Id.* § 17.045; *see Whitney v. L&L Realty Corp.*, 500 S.W.2d 94, 95 (Tex. 1973); *Eco Gen. Contractors LLC v. Goodale*, No. 02-18-00146-CV, 2019 WL 1179409, at *4 (Tex. App.—Fort Worth Mar. 14, 2019, no pet.) (mem. op.)

6

("For purposes of obtaining a default judgment . . . , the record must affirmatively show that the secretary of state forwarded a copy of process to the defendant."). Thus, to support a default judgment, the record must affirmatively show that the Secretary of State forwarded a copy of the process to the defendant. *Whitney*, 500 S.W.2d at 95–97.

Here, the only evidence regarding service upon Reliq is a return of service indicating that a citation and a copy of the petition were mailed to the Secretary of State. Crucially, the record contains no evidence that the Secretary of State actually forwarded a copy of the process to Reliq. Therefore, the record does not support the default judgment. *See id.* at 96–97; *Eco Gen. Contractors LLC*, 2019 WL 1179409, at *4; *see also Fountain Powerboats, Inc. v. Speed Boats of Tex., LP*, No. 05-13-00657-CV, 2014 WL 1483591, at *3 (Tex. App.—Dallas Apr. 15, 2014, no pet.) (mem. op.) (reversing default judgment because "the record [did] not affirmatively demonstrate that the secretary of state forwarded a copy of the citation and petition to appellant").

Accordingly, we sustain Reliq's first issue. Having done so, we need not address its second or third issues. *See* Tex. R. App. P. 47.1.

### III. CONCLUSION

Having sustained Reliq's dispositive issue, we reverse the trial court's default judgment against Reliq and remand this case to the trial court for further proceedings.[4]

/s/ Dabney Bassel

Dabney Bassel
Justice

Delivered:  December 7, 2023

---

[4]Based on its assertion that Resurgence failed to plead sufficient jurisdictional allegations to bring Reliq within the provisions of the long-arm statute, Reliq asks that we render judgment in its favor rather than remand the case for further proceedings. However, because Reliq was never properly served, it never entered a special appearance challenging the trial court's exercise of personal jurisdiction.  Thus, even assuming without deciding that Resurgence failed to plead sufficient jurisdictional allegations, we believe that remanding this case for further proceedings is appropriate to allow the trial court to decide, in the first instance, whether it has personal jurisdiction and to allow this determination to be based on evidence rather than mere allegations.  *See Kelly v. Gen. Interior Constr., Inc.*, 301 S.W.3d 653, 659 (Tex. 2010) (instructing that when a plaintiff's petition "is wholly devoid of jurisdictional facts," it should "amend the pleading to include the necessary factual allegations" so that jurisdiction can "be decided based on evidence rather than allegations, as it should be"); *see also In re J.A.J.*, No. 04-14-00684-CV, 2014 WL 7444340, at *3 (Tex. App.—San Antonio Dec. 31, 2014, no pet.) (mem. op.) (recognizing appellate courts' "broad discretion" to remand a case for further proceedings rather than render judgment "when there is a probability that a case has not been fully developed for any reason" (citing *In re J.E.H.*, 384 S.W.3d 864, 872 (Tex. App.—San Antonio 2012, no pet.))). Upon remand, Reliq can enter a special appearance, *see Boyd v. Kobierowski*, 283 S.W.3d 19, 24 (Tex. App.—San Antonio 2009, no pet.); *see also* Tex. R. Civ. P. 120a, 123, which will give the trial court the opportunity to determine whether it has personal jurisdiction in accordance with the established burden-shifting procedure, *see Kelly*, 301 S.W.3d at 658–59 (describing burden-shifting procedure for establishing or challenging personal jurisdiction).