

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-25-00361-CV

———————————————

JONATHAN MINGUS, Appellant

V.

TIMOTHY BRENT CLAIBORNE, Appellee

———————————————

On Appeal from County Court at Law No. 3
Tarrant County, Texas
Trial Court No. 2024-001907-3

———————————————

Before Sudderth, C.J.; Kerr and Walker, JJ.
Memorandum Opinion by Chief Justice Sudderth

## MEMORANDUM OPINION

Appellant Jonathan Mingus brings this restricted appeal from a no-answer default judgment entered in favor of Appellee Timothy Brent Claiborne.[1]  Appellant asserts that the trial court erred by granting the motion for default judgment because he was not properly served with process.  Because we agree that service was defective, we reverse the trial court's default judgment.

## I. BACKGROUND

In February 2024, Claiborne, acting pro se, filed a petition alleging a cause of action for breach of contract against Mingus.[2]

In September 2024, Claiborne filed a written request that Mingus be served by certified mail at an address in Burleson, Texas, with a 76028 zip code.  The clerk issued citation listing the same Burleson address and zip code for Mingus and then

---

[1]Claiborne did not file an appellee's brief in this case.

[2]The petition named the defendant as "Jonathan Mingus [d/b/a] National Homes."  The default judgment reflects that Claiborne is entitled to recover from "Defendant Jonath[a]n Mingus and National Homes," and Mingus's notice of appeal and appellate brief also reference National Homes.  But because a d/b/a is not a separate corporate entity, Mingus was the only actual defendant in the trial court and is the only actual appellant in this court.  *See Plotkin v. Joekel*, 304 S.W.3d 455, 473 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) (noting that a d/b/a is not a separate corporate entity); *see also Wagley v. Neighborhood Ins. Specialists*, No. 14-16-00859-CV, 2018 WL 2139196, at *3 (Tex. App.—Houston [14th Dist.] May 10, 2018, no pet.) (mem. op.) (concluding that summary judgment disposing of all claims against all parties named in the petition except "Neighborhood Insurance Specialists" was final and appealable because "the record suggest[ed] that Neighborhood Insurance Specialists [was] not a separate entity from Terry Lynn Stanley d/b/a Neighborhood Insurance Specialists").

arranged to have the citation delivered via certified mail. The mailing order lists a "[s]hip [a]ddress" matching the Burleson address and zip code reflected in the citation and a "[s]hip [f]rom" address of 100 E. Weatherford Street, Fort Worth, Texas 76196.

The mailed citation was not delivered; rather, it was returned to the originating Fort Worth post office with the notation "unable to forward/for review return to sender." Days later, the mailed citation was picked up at the originating Fort Worth post office and signed for by someone named "Gary" with an unreadable last name.

Mingus never answered or otherwise appeared. On Claiborne's motion, the trial court signed a default judgment awarding him $205,100 in damages. This restricted appeal followed.

## II. DISCUSSION

## A. Scope and Standard of Review

A restricted appeal is a direct attack on a trial court's judgment. *Aero at Sp. Z.O.O. v. Gartman*, 469 S.W.3d 314, 315 (Tex. App.—Fort Worth 2015, no pet.). To prevail in a restricted appeal, an appellant must establish that (1) it filed its notice of restricted appeal within six months after the judgment was signed, (2) it was a party to the underlying lawsuit, (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law, and (4) error is apparent on the face of the record. *See* Tex. R. App. P. 26.1(c), 30; *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004); *see also Ex parte E.H.*, 602 S.W.3d 486, 497 (Tex.

3

2020) (confirming that, unlike the first three restricted appeal requirements, the error-on-the-face-of-the-record requirement is not jurisdictional). For purposes of a restricted appeal, the face of the record consists of all the papers on file in the appeal, including the clerk's record and the reporter's record. *Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997).

Additionally, "[w]hile ordinarily presumptions are made in support of a judgment (including presumptions of due service of cit[]ation when the judgment so recites), no such presumptions are made in a direct attack upon a [no-answer] default judgment." *McKanna v. Edgar*, 388 S.W.2d 927, 929 (Tex. 1965); *U.S. Bank, N.A. v. TFHSP LLC Series 6481*, 487 S.W.3d 715, 719 (Tex. App.—Fort Worth 2016, no pet.). The Texas Supreme Court has long "required that strict compliance with the rules for service of citation affirmatively appear on the record in order for a default judgment to withstand [a] direct attack." *Primate Constr. Inc. v. Silver*, 884 S.W.2d 151, 152–53 (Tex. 1994) (noting that plaintiff's responsibility of accomplishing service "extends to seeing that service is properly reflected in the record" and holding that there was error on the face of the record because it did not affirmatively show proper service).

Whether service strictly complied with the statutes and rules is a question of law that we review de novo. *LEJ Dev. Corp. v. Sw. Bank*, 407 S.W.3d 863, 866 (Tex. App.—Fort Worth 2013, no pet.).

4

## B.  Analysis of First Three Restricted Appeal Requirements

Before we consider whether there is error on the face of the record, we must determine whether Mingus has properly invoked our jurisdiction by satisfying the first three restricted appeal requirements.  *See Ex parte E.H.*, 602 S.W.3d at 496–97. Regarding the first requirement, the record reflects that the default judgment was signed on March 6, 2025, and Mingus filed his notice of restricted appeal on July 18, 2025.  Thus, Mingus filed his notice of restricted appeal well before the six-month deadline.  *See* Tex. R. App. P. 26.1(c).  With regard to the second requirement, Claiborne's petition listed Mingus as a defendant, so he was necessarily a party to the underlying suit.  *See Reliq Health Techs., Inc. v. Resurgence Partners, LLC*, No. 02-23-00211-CV, 2023 WL 8467376, at *2 (Tex. App.—Fort Worth Dec. 7, 2023, no pet.) (mem. op.).  As to the third requirement, the record reflects that Mingus did not participate in the trial court proceedings and did not file any post-judgment motions. Accordingly, Mingus has met the three requirements necessary to invoke our restricted appeal jurisdiction.

## C.  Analysis of Fourth Requirement:  Error on the Face of the Record

Mingus contends that the record contains facial error because it does not affirmatively show that he was properly served with citation.[3]  We agree.

---

[3]Mingus also complains that he was never notified of the entry of default judgment.  But because his lack-of-proper-service complaint is dispositive, we need not—and therefore do not—address his alternative argument.  *See* Tex. R. App. P. 47.1.

When a citation is served by certified mail, Texas Rule of Civil Procedure 107 requires the return of service to contain a return receipt with the addressee's signature. Tex. R. Civ. P. 107(c). Here, the mailed citation was returned as undeliverable, and the return receipt does not reflect Mingus's signature or address. Rather, the return receipt appears to have been signed by someone named "Gary," whose address is listed merely as "76196"—a zip code that does not match Mingus's. Because the receipt was not signed by Mingus and because the record contains no information regarding who "Gary" is or whether he is Mingus's authorized agent for service of process, the record does not affirmatively show that Mingus was effectively served. *See MYRMAC Corp. v. P.H.*, No. 02-16-00319-CV, 2017 WL 1173841, *2 (Tex. App.—Fort Worth Mar. 30, 2017, no pet.) (mem. op.). Accordingly, the default judgment cannot stand. *See id.* (citing *Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex. 1985)).

### III. Conclusion

Having determined that there is error on the face of the record, we reverse the trial court's default judgment and remand this case to that court for further proceedings consistent with this opinion.

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Delivered: December 11,2025

6