

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| BANK OF NEW YORK f/k/a THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWABS, INC. ASSET BACKED CERTIFICATES, SERIES 2005-9, | § § § § | No. 08-13-00252-CV |
| Appellant, | § | Appeal from the |
| v. | § | 367th Judicial District Court |
| CHESAPEAKE 34771 LAND TRUST, | § § | of Denton County, Texas |
| Appellee. | § | (TC# 2012-50971-367) |
| | § | |

**O P I N I O N**

This is a restricted appeal from a no-answer default judgment. Appellee, Chesapeake 34771 Land Trust (hereinafter, "the Trust"), sued Appellant, the Bank of New York f/k/a The Bank of New York as Trustee for the Certificateholders of The CWABS, Inc. Asset Backed Certificates, Series 2005-9 (hereinafter, "the Bank"), to quite title to a house. In two issues, the Bank contends the default judgment should be overturned because service of process was improper and because the relief granted was not authorized by law and was in excess of that plead. Because we conclude the Bank was not served properly, we reverse and remand.

**FACTUAL AND PROCEDURAL BACKGROUND**

The house in dispute was purchased at a foreclosure sale by the Trust's predecessor. When the Trust subsequently acquired the home, it was encumbered by a note and deed of trust previously assigned to the Bank. Proceeding on the theory that the Bank did not have good title because of various alleged irregularities concerning the purported assignment, the Trust filed suit against the Bank seeking, among other relief, to set aside the Bank's deed or to exercise its equitable right of redemption.

In its petition, the Trust alleged the Bank is "a foreign financial institution" that "has designated its agent for service of process to be a person out of the state of Texas . . . [and] is identified as such on the records of the Secretary of State . . . ." The Trust identified the Bank's agent as "Phebe Miller" and directed that "service should be on the Secretary of State Citation Unit, who should then transmit the Citation and Petition to" Miller at an address in New York City. A private process server served the citation and petition on the Secretary of State, and the Secretary of State issued a certificate stating his office forwarded copies of the citation and petition to Miller by certified mail, return receipt requested at the address listed in the petition. The record, however, does not contain the return receipt. After the time to answer had lapsed, the Trust moved for a default judgment. In its amended motion, the Trust asserted—for the first time—that the Bank was a "foreign fiduciary corporation" rather than a foreign financial institution. The trust argued that service through the Secretary of State was proper because, "under such circumstances as are present here, the registered agent of the corporation is the Secretary of State, and the person or office to which the Secretary is to transmit such is the designee for receiving process."

2

To bolster its argument, the Trust submitted supporting documentation and a brief. Among the documents submitted by the Trust were: (1) printouts from the Secretary of State's website identifying the Bank as a "Foreign Corporate Fiduciary" and Miller as its "registered agent;" and (2) a "Foreign Bank or Trust Company Filing" executed by the Bank "[p]ursuant to the provisions of Section 105A of the Texas Probate Code" to "qualify[] or serv[e] in any fiduciary capacity in the State of Texas." In that filing, the Bank declared:

> 5. This foreign bank or trust company hereby appoints the Secretary of State of Texas as its agent for service of process upon whom all notices and processes issued by any court of this state may be served in any action or proceeding relating to any trust, estate, fund or other matter within this state with respect to which such foreign bank or trust company is acting in any fiduciary capacity, including the acts or defaults of such foreign bank or trust company with respect to any such trust, estate or fund. This appointment is of indefinite duration and irrevocable.
>
> 6. The name and address of the officer, agent or other person to whom any notice or process received by the Secretary of State may be forwarded is:
>
> Name: Phebe Miller . . . .

In its brief, the Trust attempted to assuage any qualms the trial court may have had about granting a default judgment by further arguing that "EVEN IF [the Bank] WERE TO BE FOUND TO BE A FINANCIAL INSTITUTION, THE SERVICE MADE UPON IT COMPLIED WITH APPLICABLE LAW . . . AND WAS EFFECTIVE[.]" Especially pertinent here, the Trust asserted that it was not required to serve the Bank pursuant to Section 17.028 of the Texas Civil Practice and Remedies Code—titled "Service on Financial Institutions"—and "that service not made in such a fashion [does not] require[] setting aside a default."

On this record, the trial court granted a default judgment.

## DEFECTIVE SERVICE OF PROCESS

In its first issue, the Bank contends the default judgment is void because the record fails to

establish that it was served in accordance with Section 17.028. We agree.

### *Standard of Review*

A party may bring a restricted appeal if it: (1) filed notice of the restricted appeal within six months after the judgment was signed; (2) was a party to the underlying lawsuit; (3) did not participate in the hearing that resulted in the judgment in issue; (4) did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (5) error is apparent on the face of the record. *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004); TEX.R.APP.P. 26.1(c). Here, the parties contest only the fifth element—whether error appears on the face of the record.

When reviewing a default judgment in a restricted appeal, we do not indulge any presumptions in favor of proper issuance, service, and return of citation. *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994)(per curiam); *Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex. 1985)(per curiam); *Whiskeman v. Lama*, 847 S.W.2d 327, 329 (Tex.App.--El Paso 1993, no writ). Instead, the prevailing party bears the burden to prove service of process was proper, including under any of the long-arm statutes authorizing substituted service on the Secretary of State. *Primate Constr.*, 884 S.W.2d at 153; *Whiskeman*, 847 S.W.2d at 328-29. If the record fails to show strict compliance with the rules relating to the issuance, service, and return of citation, error is apparent on the face of the record, and the attempted service of process is invalid. *Primate Constr.*, 884 S.W.2d at 152-53; *Uvalde Country Club*, 690 S.W.2d at 885; *Whiskeman*, 847 S.W.2d at 328-29. For purposes of a restricted appeal, the record consists of all papers on file in the appeal. *Norman Communications v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997)(per curiam).

4

*Applicable Law*

Section 17.028 outlines the procedure for giving notice of a lawsuit to a "financial institution" as defined by Section 201.101 of the Texas Finance Code. *See* TEX.CIV.PRAC.&REM.CODE ANN. § 17.028 (West Supp. 2014). In relevant part, Section 17.028 provides that "citation may be served on a financial institution by: (1) serving the registered agent of the financial institution; or (2) if the financial institution does not have a registered agent, serving the president or a branch manager at any office located in this state." TEX.CIV.PRAC.&REM.CODE ANN. § 17.028(b).

"[W]hen a procedure for giving notice and obtaining jurisdiction is statutorily established, that method is generally exclusive and the form prescribed must be followed with reasonable strictness." *Colson v. Thunderbird Bldg. Materials*, 589 S.W.2d 836, 840 (Tex.Civ.App.--Amarillo 1979, writ ref'd n.r.e.)[internal citations omitted]. "Thus, when there is a specific statute that sets out the steps that must be taken, the inquiry is not whether the defendant had actual knowledge of the proceeding against him; rather, the question is whether that knowledge was conveyed to him in the manner required by the statute." *Id.* [internal citations omitted].

*Discussion*

Service of process on the Bank was ineffective because it was not effectuated pursuant to Section 17.028. A party suing a financial institution in Texas must serve process on the institution in accordance with Section 17.028; otherwise, service is ineffective. *See The Bank of New York Mellon v. Redbud 115 Land Trust*, No. 05-13-01149-CV, 2014 WL 7014373, at *2-*3 (Tex.App.--Dallas Dec. 5, 2014, no pet. h.)(concluding that Section 17.028 is the exclusive

5

method for serving a financial institution, foreign, or domestic); *Perez v. Bank of Am., N.A.*, No. 13-CV-285, 2013 WL 5970405, at *4 (W.D. Tex. Nov. 7, 2013)(concluding that, "[t]o properly serve a financial institution under Texas law[,]"a plaintiff must abide by Section 17.028); *see also Bank of New York Mellon v. Soniavou Books, LLC*, 403 S.W.3d 900, 903 (Tex.App.--Houston [14th Dist.] 2013, no pet.)(concluding that bank was not properly served under Section 17.028 in light of plaintiff's concession that it did not serve bank in accordance with Section 17.028 in suit challenging foreclosure sale). It is beyond dispute that the Bank is a financial institution. *See* TEX.FIN.CODE ANN. § 201.101 (West 2006)(including within the definition of a "financial institution" a bank or trust company chartered in another state). Indeed, the Trust alleged as much in its petition and concedes as much in its appellate brief. It is also beyond dispute that the Trust did not serve the Bank in accordance with Section 17.028. Instead, the Trust served the Secretary of State.

The Trust contends it was not required to serve the Bank pursuant to Section 17.028 for three reasons. None are persuasive, however.

### 1. Service Pursuant to Section 17.028 Is Mandatory Rather Than Permissive

First, the Trust maintains that Section 17.028 is permissive rather than mandatory. In so maintaining, the Trust focuses on the term "may" in the phrase "citation may be served on a financial institution" appearing in Section 17.028. The Trust stresses that the term "may" signifies "discretionary authority or grants permission or a power" and that, therefore, it had the discretion "to choose the manner of service, so long as that manner is consistent with law." *See* TEX.GOV'T CODE ANN. § 311.016(1)(West 2013). According to the Trust, if the Legislature had intended for financial institutions to be served exclusively under Section 17.028, it would have

used the terms "shall" or "must" rather than "may."

We acknowledge that the term "may" ordinarily indicates a permissive construction, whereas the term "shall" ordinarily indicates a mandatory construction. *Inwood N. Homeowners' Ass'n, Inc. v. Meier*, 625 S.W.2d 742, 744 (Tex.Civ.App.--Houston [1st Dist.] 1981, no writ). This is not always the case, however. These terms may be used interchangeably in statutes, and without regard to their literal meaning. But in each case, the term is to be given the construction necessary to carry out the Legislature's intent. *Grimes Cnty. Bail Bond Bd. v. Ellen*, 267 S.W.3d 310, 316 (Tex.App.--Houston [14th Dist.] 2008, pet. denied). In "determining whether the Legislature intended the particular provision to be mandatory or merely directory, consideration should be given to the entire act, its nature and object, and the consequences that would follow from each construction." *Inwood*, 625 S.W.2d at 743 [Internal citations omitted]. Thus, "[t]he word 'may' must be analyzed, but it must not be analyzed in isolation; statutory context must be considered." *Grimes Cnty.*, 267 S.W.3d at 316.

Considering the entire statute, its purpose, and the consequence of construing it as either mandatory or permissive, we conclude that the Legislature intended that parties pursuing claims against financial institutions must serve process on them pursuant to Section 17.028.

Section 17.028 was enacted in 2007. Act of May 25, 2007, 80th Leg., R.S., ch. 244, § 1, 2007 TEX.GEN.LAWS 351, 351-52. The bill analyses to the enacting legislation, H.B. 2219, indicate that the statute's purpose is to protect financial institutions from default judgments. The "BACKGROUND AND PURPOSE" section of the House Bill Analysis of H.B. 2219 provides that:

> Financial institutions are served with process at small, remote branches. These small branch facilities may not get the documents to the right person for response in

7

a timely manner.   The result can be a default judgment.

H.B. 2219 amends the Civil Practice and Remedies Code to clarify the service of process on financial institutions.

HOUSE COMM. ON FINANCIAL INSTITUTIONS, BILL ANALYSIS, Tex. H.B. 2219, 80th Leg., R.S. (2007).   The "AUTHOR'S/SPONSOR'S STATEMENT OF INTENT" section of the Senate Research Center Bill Analysis of H.B. 2219 states, in relevant part, that:

> Under current law, an officer of the bank is considered an agent for the service of process for the bank.   Small branch facilities, however, might not get the documents regarding the process to the right person in a timely manner, leading to a default judgment for the bank.   Amending statute to specify which agent within the financial institution is to be served with process may avoid unnecessary default judgments.

SENATE RESEARCH CENTER, BILL ANALYSIS, Tex. H.B. 2219, 80th Leg., R.S. (2007).

The conclusion that Section 17.028 was enacted to protect financial institutions from default judgments by requiring that they be served in accordance with the statute is bolstered by the bill analyses to the legislation amending Section 17.028 in 2013 to address situations in which financial institutions are given notice of claims against their customers.   *See* Act of May 2, 2013, 83rd Leg., R.S., ch. 5, § 1, 2013 TEX.GEN.LAWS 6, 6.   The "AUTHOR'S/SPONSOR'S STATEMENT OF INTENT" section of the Senate Research Center Bill Analysis of S.B. 422, the bill amending Section 17.028, declares, in pertinent part, that:

> H.B. 2219, 80th Legislature, Regular Session, 2007, clarified that service of a citation on a financial institution should be on its registered agent or, if none, then the president or branch manager at any office of the institution.   However, H.B. 2219 only dealt with actions against a financial institution.

SENATE RESEARCH CENTER, BILL ANALYSIS, Tex. S.B. 422, 83rd Leg., R.S. (2013).   The "BACKGROUND AND PURPOSE" section of the Senate Bill Analysis of S.B. 422, the bill amending Section 17.028, declares, in relevant part, that:

8

In the past, process service requirements for claims against a financial institution, such as banks and credit unions, were different from those for registered corporations. Legislation addressed that difference, and process service requirements for claims against a financial institution *are now required to be served on* an institution's registered agent. [Emphasis added].

SENATE COMM. ON INVESTMENTS & FINANCIAL SERVICES, BILL ANALYSIS, Tex. S.B. 422, 83rd Leg., R.S. (2013).

Consistent with this purpose, the statute provides that "*[i]f citation has not been properly served as provided by this section*, a financial institution may maintain an action to set aside the default judgment or any sanctions entered against the financial institution." [Emphasis added]. TEX.CIV.PRAC.&REM.CODE ANN. § 17.028(d). If the Legislature had not intended for service of process on financial institutions to be governed by subsection (b), then subsection (d) would be unnecessary. We will not embrace an interpretation of Section 17.028 that renders some of its provisions meaningless. *See Tex. Workers' Comp. Ins. Fund v. Del Indus., Inc.*, 35 S.W.3d 591, 593 (Tex. 2000)("[E]very word in a statute is presumed to have been used for a purpose, and a cardinal rule of statutory construction is that each sentence, clause and word is to be given effect if reasonable and possible."). Furthermore, if the Legislature did not intend for financial institutions to be served exclusively under Section 17.028, it could have declared—as it has in other statutes governing service of process—that the statute was not the only means of serving notice on a financial institution. *See* TEX.CIV.PRAC.&REM.CODE ANN. § 17.021(e)(West 2008)(providing that service of process on agent of or clerk employed by an individual, partnership or unincorporated association pursuant to Section 17.021 "is in addition to other methods of service."); TEX.CIV.PRAC.&REM.CODE ANN. § 17.026(b)(providing that service on the Secretary of State pursuant to Section 17.026 "is in addition to any other method authorized by

9

statute or the Texas Rules of Civil Procedure for service on the secretary of state.").

The Trust also argues that Section 17.028 is inapplicable because "there is no showing in the record, or elsewhere, that [the Bank] was amenable to service under [Section] 17.028." Specifically, the Trust contends "there is no showing in the record that [the Bank] maintains an offices [sic] or branch within the State of Texas where a manager could be found and served." But the Trust bears the burden to prove to us that service of process was proper. Thus, it is the Trust's responsibility to show that service could not be effectuated pursuant to Section 17.028 because the Bank does not maintain a branch in Texas. The Trust, however, failed to bring forth a record demonstrating that it could not serve the Bank pursuant to Section 17.028. Nowhere in its pleadings does the Trust allege that it made an effort to comply with the requirements of Section 17.028 but could not, and the record does not so demonstrate.

### 2. Secretary of State Is Not Agent for Service of Process

Second, the Trust asserts "the record affirmatively shows that [the Bank] was served in accordance with its instructions filed with the Secretary of State." The "instruction" to which the Trust refers is the aforementioned "Foreign Bank or Trust Company Filing," which the Bank filed with the Secretary of the State as required by-then Section 105A of the Texas Probate Code. Section 105A was enacted in 1961 to permit a foreign bank or trust company to act as a fiduciary in Texas without having to obtain a certificate of authority to do business. *See* Act of March 25, 1961, 57th Leg., R.S. ch. 31, § 1, 1961 TEX.GEN.LAWS 46 (West)(codified as TEX.PROB.CODE ANN. § 105A). To so act, the foreign bank or trust company is required, among other obligations, to file certain documents with the Secretary of State, including an irrevocable appointment of the Secretary of the State as its agent to receive service of process. *See* former TEX.PROB.CODE ANN.

10

§ 105A(b)(now codified as TEX.ESTATES CODE ANN. § 505.004(a)(West 2014)).[1] This is exactly what the Bank did in 1997.

But the appointment of the Secretary of State as the agent to receive service of process under Section 105A is limited to matters related to an estate in which the foreign bank or trust company is acting as an executor, administrator, trustee, guardian of the estate, or in any other fiduciary capacity. Here, the Trust did not allege in any of its pleadings that the Bank was acting in any of those capacities in a matter related to an estate, and the record does not so establish. Thus, the Bank's appointment of the Secretary of State as the agent to receive service of process under Section 105A is inapplicable in this case and fails to provide a basis for asserting jurisdiction over the Bank. Accordingly, the face of the record fails to show, contrary to the Trust's assertions in its brief, "that it served [the Bank] properly because . . . [t]he service used was not only consented to by [the Bank], it was directed by [the Bank]."

### 3. Long-Arm Statutes Do Not Authorize Substituted Service

Third, the Trust advances the argument "that even in the absence of the instructions filed by [the Bank] with the Secretary of State, service as performed was consistent with applicable long arm statutes[.]" These statutes, according to the Trust, are Section 5.251 of the Texas Business Organization Code and Section 17.044 of the Texas Civil Practice and Remedies Code. Both of them authorize substituted service on the Secretary of State for foreign defendants who are required to maintain a resident agent but fail to do so. *See* TEX.BUS.ORGS.CODE ANN.

---

[1] In 2009, the Legislature passed a bill reorganizing much of the Texas Probate Code into the newly codified Texas Estates Code. The bill repealed section 105A of the Texas Probate Code and transferred it to section 505.004(a) of the Texas Estates Code. *See* Act of June 19, 2009, 81st Leg., R.S., ch. 680, §§ 1, 10, 2009 TEX.GEN.LAWS 1512, 1722-23, 1731. The new provision became effective on January 1, 2014, and the wording differs only stylistically from its statutory predecessor. *See* Act of June 19, 2009, 81st Leg., R.S., ch. 680, §§ 11-12, 2009 TEX.GEN.LAWS 1512, 1732.

§ 5.251(1)(West 2012); TEX.CIV.PRAC.&REM.CODE ANN. § 17.044(a)(1)&(3), (b)(West 2008). The Trust asserts that the Bank "falls within the ambit of these provisions" because, "[a]s a foreign entity, [the Bank] was required to maintain in Texas an office and registered agent . . . [, and] [i]n the absence thereof, service on the Secretary of State is expressly authorized." Assuming for the sake of argument Section 5.251 and Section 17.044 apply in this case[2] and Section 17.028 is not the exclusive method for serving the Bank, the record fails to show the existence of the conditions that, under Sections 5.251 and 17.044, are a prerequisite to authorize substitute service on the Secretary of State. Specifically, the Trust did not allege in any of its pleadings that the Bank was required to maintain an office in Texas and a registered agent but did not do so. Accordingly, the Trust's pleadings were insufficient to invoke jurisdiction based on the long-arm statutes on which it now relies to argue service was proper. *See McKanna v. Edgar*, 388 S.W.2d 927, 929-30 (Tex. 1965)(because there is no favorable inference in determining whether plaintiff has strictly complied with statutory requirements for long-arm service, he must allege facts providing a basis for asserting jurisdiction under a long-arm statute and must comply with provision of the statute elected).

## CONCLUSION

It is apparent from the face of the record that the trial court erred in granting a default judgment against the Bank because service of process on the Bank was improper. Accordingly, the Bank's first issue is sustained. Given our resolution of the Bank's first issue, we need not—and do not address—its second issue. *See* TEX.R.APP.P. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and

---

[2] We recognize that Section 201.102 of the Texas Finance Code requires an out-of-state financial institution to comply with the Texas Business Organizations Code. *See* TEX.FIN.CODE ANN. § 201.102 (West 2006).

necessary to final disposition of the appeal.").

The trial court's judgment is reversed, and the cause is remanded for further proceedings.


January 16, 2015

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rodriguez, J., and Larsen, Senior Judge
Larsen, Senior Judge (Sitting by Assignment)