**Opinion issued December 6, 2018**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-17-00852-CV

_____

**GREG BLOSSER AND THE SURROGACY GROUP LLC, Appellants**

**V.**

**ROC FUNDING GROUP LLC, Appellee**

---

**On Appeal from the County Civil Court at Law No. 2**
**Harris County, Texas**
**Trial Court Case No. 1085942**

---

## MEMORANDUM OPINION

In this restricted appeal, appellants, Greg Blosser and The Surrogacy Group LLC (collectively, Surrogacy Group), challenge the trial court's no-answer default judgment against them. In three issues, Surrogacy Group argues that: (1) the trial court erred because the record shows that it never received notice of the suit;

(2) the record affirmatively demonstrates that Surrogacy Group has no contacts with Texas and that the very contract sued upon requires suit to be filed in New York; and (3) the default judgment is void because the judgment itself does not recite any findings of service or jurisdiction over the defendants. Because we conclude that there were defects in the service effected by appellee, ROC Funding Group LLC, we reverse and remand.

## Background

ROC Funding filed its original petition asserting causes of action for breach of contract, conversion, suit on Blosser's personal guarantee, and attorney's fees. ROC Funding alleged that it is "a corporation that purchases future receipts from companies like [Surrogacy Group]" and that the parties "executed a Payment Rights Purchase and Sale Agreement." The Agreement provided that, "in return for the purchase amount, [ROC Funding] is entitled to receive a percentage of [Surrogacy Group's] future sales or receipts." ROC Funding asserted that it paid the purchase price, but Surrogacy Group failed to meet its obligations in paying a portion of its future receipts as required by the Agreement.

Regarding service, the original petition asserted that the "Defendant(s) may be served at: The Surrogacy Group, LLC [b]y serving its owner, Greg Blosser, 126 Cathedral Street, Annapolis, MD 21401." ROC Funding also asserted that service was "[t]o be served via Texas Secretary of State" at the "office address" set out

above. The petition also set out basic allegations regarding venue, and stated, "Moreover, service through the Secretary of State is appropriate because Defendants do not have a regular place of business, or a designated agent for service of process, in Texas."

ROC Funding filed documentation showing that it served citation for both Blosser and Surrogacy Group in person on the Secretary of State. The return of service for both Blosser and Surrogacy Group stated:

> On the 2nd day of February, 2017 at 1:49 PM, at the address of 1019 Brazos St James E. Rudder Building, Room 105, Austin, Travis County, TX 78701, United States; this declarant served PLAINTIFFS ORIGINAL PETITION; CITATION; CIVIL CASE INFORMATION SHEET upon GREG BLOSSER by then and there personally delivering per T.R.C.P. Rule 106(b), 1 true and correct copy(ies) therefor, by then presenting to and leaving the same with Texas Secretary of State, A VALERIE HARDIN, TEXAS SECRETARY OF STATE, who accepted service, with identity confirmed by verbal communication, a black-haired black female approx. 45-55 years of age, a person over the age of 16 and of suitable discretion who stated that they reside at the defendant's/respondent's usual place of abode listed above.

The return of citation for Surrogacy Group was substantively identical, except that it stated that service was made "upon THE SURROGACY GROUP, LLC c/o TEXAS SECRETARY OF STATE, REGISTERED AGENT by then and there personally delivering [the citation] per T.R.C.P. Rule 106(b)."

On March 9, 2017, ROC Funding filed a certificate from the Secretary of State certifying that a copy of the citation and petition "was received by this office

3

on February 2, 2017, and that a copy was forwarded on February 6, 2017, by CERTIFIED MAIL, return receipt requested to: Greg Blosser[,] 126 Cathedral Street[,] Annapolis, MD 21401." The certification further stated, "The PROCESS was returned to this office on February 23, 2017, [b]earing the notation Return to Sender, Not Deliverable as Addressed, Unable to Forward."

On March 27, 2017, ROC Funding moved for a continuance "in order to prepare for trial and also to obtain service." The record does not contain a ruling on this motion.

On April 17, 2017, ROC Funding filed another certificate from the Secretary of State certifying that a copy of the citation and petition "was received by this office on February 2, 2017, and that a copy was forwarded on February 6, 2017, by CERTIFIED MAIL, return receipt requested to: The Surrogacy Group LLC[,] Greg Blosser[,] 126 Cathedral Street[,] Annapolis, MD 21401." The certification further stated, "As of this date, no response has been received in this office."

On June 19, 2017, ROC Funding moved for default judgment. The motion asserted, "The return of service, filed with this Court, shows that Defendants were served with a copy of Plaintiff's Original Petition. The return of service has been on file for more than ten (10) days." ROC Funding sought judgment in its favor on all claims and asked for an award of attorney's fees. It provided a certificate of last

known mailing address for Blosser and Surrogacy Group as "126 Cathedral Street" in "Annapolis, MD 21401."

ROC Funding attached a copy of the Agreement between it and Surrogacy Group. This agreement identified the "physical address" for Surrogacy Group as "126 Cathedral Street" in Annapolis, MD 21401. It also provided that the mailing address was "839 Bestgate Rd. Ste 400[,] Annapolis[,] MD 21401." In addition to the Agreement, ROC Funding provided a record of its transactions with Surrogacy Group and affidavits of counsel and an ROC Funding corporate representative.

On June 20, 2017, the trial court gave ROC Funding notice that its motion for default judgment was incomplete, noting that the "affidavit amounts do not match [the requested] judgment." The trial court also noted: "Please review your citation return and make sure that parties are properly named and process server's identification number and expiration date are included." The trial court further noted, "Rule 106 requirements are that the defendant must also be served by certified mail and regular mail."

On June 26, 2017, the trial court signed a final default judgment.[1] The judgment recited that "[d]efendant, though duly cited to appear and answer, failed to file an answer within the time allowed by law." It awarded ROC Funding

---

[1] The judgment recites that it was rendered following a hearing at which ROC Funding appeared through counsel and that neither Blosser nor Surrogacy Group appeared. The appellate record does not contain a record of this hearing.

5

$112,290.54 in damages, $22,000 in trial-level attorney's fees, and $22,000 in conditionally appellate attorney's fees from defendants The Surrogacy Group and Greg Blosser.

On July 27, 2017, ROC Funding filed an application for a writ of garnishment, seeking to garnish Surrogacy Group funds held in the Branch Banking and Trust Co. (BB&T), listed as being located in Dallas, Texas. BB&T answered, asking the trial court to "adjudicate all claims to the funds and discharge BB&T from liability to Garnishor [ROC Funding] and Judgment Debtor [Surrogacy Group] regarding the funds." The appellate record does not contain a ruling on the application for writ of garnishment.

Blosser and Surrogacy Group filed a joint notice of restricted appeal on November 2, 2017.

## Restricted Appeals

Blosser and the Surrogacy Group filed this restricted appeal arguing that the trial court erred in granting the no-answer default judgment in favor of ROC Funding.

### A.     Standard of Review

To prevail in a restricted appeal, Blosser and Surrogacy Group must establish that they: (1) filed notice of the restricted appeal within six months after the judgment was signed; (2) were parties to the underlying lawsuit; (3) did not

6

participate in the hearing that resulted in the challenged judgment and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *See* TEX. R. APP. P. 26.1(c); *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004).

When reviewing a default judgment in a restricted appeal, we do not indulge any presumption in favor of proper issuance, service, and return of citation. *See Wachovia Bank of Del., N.A. v. Gilliam*, 215 S.W.3d 848, 848 (Tex. 2007) (per curiam); *Bank of N.Y. v. Chesapeake 34771 Land Tr.*, 456 S.W.3d 628, 631 (Tex. App.—El Paso 2015, pet. denied). "Instead, the prevailing party bears the burden to prove service of process was proper, including under any of the long-arm statutes authorizing substituted service on the Secretary of State." *Bank of N.Y.*, 456 S.W.3d at 631 (citing *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 153 (Tex. 1994) (per curiam)). "If the record fails to show strict compliance with the rules relating to the issuance, service, and return of citation, error is apparent on the face of the record, and the attempted service of process is invalid." *Id.* (citing *Primate Constr.*, 884 S.W.2d at 152–53, and *Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex. 1985) (per curiam)); *see also Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990) ("For well over a century the rule has been firmly established in this state that a default judgment cannot withstand direct attack by a defendant who complains that he was not served in strict compliance

7

with applicable requirements."). For purposes of a restricted appeal, the record consists of all papers on file in the appeal. *Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997) (per curiam); *Bank of N.Y.*, 456 S.W.3d at 631.

Here, both Blosser and Surrogacy Group were named as defendants in the original petition and in the trial court's default judgment signed on June 26, 2017. They filed their notice of restricted appeal on November 2, 2017, within six months of the June 26, 2017 judgment. The trial court's judgment reflects that neither Blosser nor Surrogacy Group answered or participated in the trial court proceedings in any way, and the record does not contain any postjudgment motions or requests for findings of fact and conclusions of law filed by Blosser or Surrogacy Group. Thus, the only question remaining is whether error was apparent on the face of the record. *See Bank of N.Y.*, 456 S.W.3d at 631.

**B.    Service of Citation**

In their first issue, Blosser and Surrogacy Group argue, in part, that ROC Funding failed to strictly comply with the rules for service of citation, which resulted in neither Blosser nor Surrogacy Group receiving notice of the suit.

Here, the record contains several references to service of process pursuant to Rule of Civil Procedure 106. The return of service filed for both Blosser and Surrogacy Group stated that citation was served "per T.R.C.P. Rule 106(b)." The

8

trial court likewise notified ROC Funding of inadequacies in its motion for default judgment, noting, in part, that "Rule 106 requirements are that the defendant must also be served by certified mail and regular mail."

Rule 106(a) provides that citation "shall be served" by:

(1) delivering to the defendant, in person, a true copy of the citation with the date of delivery endorsed thereon with a copy of the petition attached thereto, or

(2) mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto.

TEX. R. CIV. P. 106(a). Rule 106(b) provides for substituted service:

(b) Upon motion supported by affidavit stating the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found and stating specifically the facts showing that service has been attempted under either (a)(1) or (a)(2) at the location named in such affidavit but has not been successful, the court may authorize service

(1) by leaving a true copy of the citation, with a copy of the petition attached, with anyone over sixteen years of age at the location specified in such affidavit, or

(2) in any other manner that the affidavit or other evidence before the court shows will be reasonably effective to give the defendant notice of the suit.

TEX. R. CIV. P. 106(b).

The return of service filed for both Blosser and Surrogacy Group stated that citation was served "per T.R.C.P. Rule 106(b)," but there is no indication in the record that ROC Funding followed the procedures set forth in Rule 106(b). There

9

is nothing in the record indicating that it attempted to serve either Blosser or Surrogacy Group in person or at the mailing address listed in the Agreement—"839 Bestgate Rd. Ste 400[,] Annapolis[,] MD 21401." There is no "motion supported by affidavit" from ROC Funding meeting the criteria set out in Rule 106(b), and there is no indication that the trial court authorized substituted service here. *See* TEX. R. CIV. P. 106(b). Thus, the record demonstrates that ROC Funding failed to strictly comply with the service requirements of Rule 106. *See Wilson*, 800 S.W.3d at 836 (holding that party was not strictly served in compliance with Rule 106(b) because substitute service "was not properly authorized absent the affidavit explicitly required by the rule"); *(One) 2000 Freightliner Truck-Tractor VIN: 1FUYDSEBXYDB07196 v. State*, 441 S.W.3d 492, 494 (Tex. App.—El Paso 2014, no pet.) (holding that service was defective and default judgment improper where record failed to show defendant was served in strict compliance with Rule 106(b), noting that it was "undisputed that [the plaintiff's] motion for substituted service and supporting affidavit had not been filed when the trial court entered the order authorizing" service by posting at courthouse); *Nat'l Multiple Sclerosis Soc'y–N. Tex. Chapter v. Rice*, 29 S.W.3d 174, 177–78 (Tex. App.—Eastland 2000, no pet.) (holding that failure to comply with Rule 106(b), when it applies, is fatal to default judgment and noting that

"[t]he record contains no motion for substituted service, no affidavit to support substituted service, and no order granting substituted service").

Independently of Rule 106, there are several statutes that, although not invoked by either party here, govern service of process on non-resident defendants. *See, e.g.*, TEX. CIV. PRAC. & REM. CODE ANN. § 17.044 (West 2015) (providing for substituted service upon Secretary of State for nonresidents who meet certain criteria); TEX. BUS. ORGS. CODE ANN. § 5.251 (West 2012) (providing that Secretary of State is agent of entity for purposes of service of process in some circumstances). However, even if we consider ROC Funding's attempted service of process through the Secretary of State in this context, the record demonstrates that it failed to strictly comply with the requirements for proper service.

Application of these provisions also require that the record demonstrate that the plaintiff used reasonable diligence in attempting to serve a defendant's registered agent at the registered office before substituting service on the Secretary of State. *See Marrot Commc'ns, Inc. v. Town & Country P'ship*, 227 S.W.3d 372, 377 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) (holding that default judgment obtained after attempted substituted service on Secretary of State will not stand absent showing by plaintiff that, before it resorted to substitute service it first used reasonable diligence in seeking service on corporation's registered agent); *Ingram Indus., Inc. v. U.S. Bolt Mfg., Inc.*, 121 S.W.3d 31, 34 (Tex. App.—

11

Houston [1st Dist.] 2003, no pet.) (explaining that plaintiff must establish, before resorting to substitute service on Secretary of State, that it used reasonable diligence in seeking service on registered agent of corporation).

Here, ROC Funding made no showing that either Blosser or Surrogacy Group falls within the provisions of such a statute, instead stating in its petition only that "service through the Secretary of State is appropriate because Defendants do not have a regular place of business, or a designated agent for service of process, in Texas." And, assuming that Blosser and Surrogacy Group were both required to designate an agent for service of process in Texas, there is no demonstration that ROC Funding used reasonable diligence in seeking to serve the defendants through such a registered agent. *See Bank of N.Y.*, 456 S.W.3d at 635–36 (holding, when plaintiff failed to allege in any of its pleadings that defendant was required to maintain office in Texas and have registered agent but did not do so, pleadings were insufficient to authorize substituted service or invoke jurisdiction through long arm statutes).

To the contrary, the record indicates that ROC Funding did not attempt to serve either Blosser or Surrogacy Group through a registered agent and that it was aware of problems with the address it provided for service on the defendants. The certificate of the Secretary of State indicated that the citation forwarded to "Greg Blosser[,] 126 Cathedral Street[,] Annapolis, MD 21401" was "returned to this

12

office on February 23, 2017, [b]earing the notation Return to Sender, Not Deliverable as Addressed, Unable to Forward." Likewise, the certification for the citation addressed to "The Surrogacy Group LLC" and "Greg Blosser" at "126 Cathedral Street[,] Annapolis, MD 21401" stated, "As of this date, no response has been received in this office." There was no indication that any attempt was made to provide notice to Blosser's or Surrogacy Groups mailing address contained in the record—"839 Bestgate Rd. Ste 400[,] Annapolis[,] MD 21401." *See Autodynamics Inc. v. Vervoort*, No. 14-10-00021-CV, 2011 WL 1260077, at *4–5 (Tex. App.—Houston [14th Dist.] Apr. 5, 2011, no pet.) (mem. op.) (holding that, although certificate from Secretary of State may conclusively establish that process was served, such certificate does not establish whether defendant's registered agent could not "with reasonable diligence be found at the registered office"); *see also Starbucks Corp., Inc. v. Smith*, No. 05-06-01500-CV, 2007 WL 3317523, at *2 (Tex. App.—Dallas Nov. 9, 2007, no pet.) (mem. op.) (holding that Secretary of State's return bearing notation "Forwarding Order Expired" was "prima facie evidence" that defendant was not served at correct address); *GMR Gymnastics Sales, Inc. v. Walz*, 117 S.W.3d 57, 59 (Tex. App.—Fort Worth 2003, pet. denied) (Secretary of State return bearing notation "not deliverable as addressed, unable to forward" was prima facie evidence that address provided to Secretary of State was incorrect and defendant was not served); *Wright Bros. Energy, Inc. v. Krough*, 67

S.W.3d 271, 274 (Tex. App.—Houston [1st Dist.] 2001, no pet.) (process served with notation "no such number" sufficient to place plaintiff on notice that there was problem with address).

After reviewing the record, we conclude that the record fails to demonstrate that ROC Funding strictly complied with law governing service of process on Blosser and Surrogacy Group. Accordingly, there is error apparent on the face of the record. *See Alexander*, 134 S.W.3d at 848.

We sustain Blosser and Surrogacy Group's first issue to the extent that they argue that they were not properly served in the suit. The failure of service deprived the trial court of in personam jurisdiction to enter the default judgment against Blosser and Surrogacy Group, and, thus, we need not consider their other contentions on appeal. *See Marrot Commc'ns*, 227 S.W.3d at 376 ("Unless the record affirmatively shows, 'at the time the default judgment is entered,' either an appearance by the defendant, proper service of citation on the defendant, or a written memorandum of waiver, the trial court does not have in personam jurisdiction to enter the default judgment against the defendant.") (quoting *Am. Universal Ins. Co. v. D.B. & B., Inc.*, 725 S.W.2d 764, 766 (Tex. App.—Corpus Christi 1987, writ ref'd n.r.e.)).

14

## Conclusion

We reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.


Evelyn V. Keyes
Justice

Panel consists of Justices Keyes, Bland, and Lloyd.