# Supreme Court of Texas

No. 20-0517

U.S. Bank National Association, as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates Series 2005-EFC2,

*Petitioner*,

v.

Dennis Moss,

*Respondent*

On Petition for Review from the
Court of Appeals for the Fifth District of Texas

**Argued October 27, 2021**

JUSTICE BUSBY delivered the opinion of the Court.

Two Texas statutes address how lawsuits may be served on financial institutions that act as fiduciaries, and we granted review to determine which one applies. One statute is section 17.028 of the Civil Practice and Remedies Code, which provides that citation may be served on a financial institution by serving its "registered agent." The other statute is Chapter 505 of the Estates Code, which provides that a foreign

corporate fiduciary—which can be a financial institution—must appoint the Secretary of State as its "agent for service of process." TEX. EST. CODE § 505.004(a)(2).

Here, the plaintiff served the Secretary under Chapter 505 rather than the registered agent that the defendant financial institution had designated under the Business Organizations Code. The defendant did not receive the citation because it had not updated its Chapter 505 designation of the person to whom the Secretary should forward process, and a default judgment was rendered against it. The defendant then filed this equitable bill of review, but the trial court and court of appeals rejected its attempt to set the judgment aside.

The questions before us are (1) whether the plaintiff was required to comply with section 17.028 and, if so, (2) whether the Secretary is the defendant's "registered agent" under that statute. Reading section 17.028 as a whole, we hold that it provides the mandatory methods of serving a financial institution. In addition, a close examination of all relevant statutes—not only in the Civil Practice and Remedies Code and Estates Code, but also in the Finance Code and Business Organizations Code—reveals that service on the Secretary as a foreign corporate fiduciary's "agent" under Chapter 505 does not constitute service on a financial institution's "registered agent" for purposes of section 17.028.

Applying these holdings here, we conclude that the defendant financial institution was not properly served and the default judgment rendered against it must be set aside. We therefore reverse the judgment, render summary judgment granting the bill of review, and remand for further proceedings on the merits of the underlying suit.

BACKGROUND

The plaintiff, respondent Dennis Moss, is a homeowner in Dallas County. In 2005, Moss refinanced his mortgage and signed a home equity deed of trust. The defendant, petitioner U.S. Bank, claims ownership of that deed by an assignment made in favor of "U.S. Bank National Association as Trustee." The Bank served Moss with a notice of acceleration in 2010, but it did not foreclose on his home.

In 2017, Moss sued the Bank, seeking to quiet his title to the home. He alleged that the Bank could no longer sell the property under the deed of trust because the statute of limitations had expired.

The Bank was domiciled in Ohio and acting as a foreign corporate fiduciary in Texas,[1] so Moss served it with process by serving the Secretary of State under Chapter 505 of the Estates Code. Section 505.004 provides that a foreign corporate fiduciary must appoint the Secretary as the fiduciary's agent for service of process "in an action or proceeding relating to a trust, estate, fund, or other matter within this state with respect to which the fiduciary is acting in a fiduciary capacity." TEX. EST. CODE § 505.004(a)(2). The Secretary issued a *Whitney* certificate[2] documenting that his office forwarded the citation

---

[1] A "foreign corporate fiduciary" is "a corporate fiduciary that does not have its main branch or a branch office in this state." TEX. EST. CODE § 505.001. The parties do not dispute in this Court that the Bank is a foreign corporate fiduciary.

[2] In *Whitney v. L & L Realty Corp.*, the plaintiff took a default judgment against defendants after serving them via the Secretary. 500 S.W.2d 94, 95 (Tex. 1973). We held that the record before the trial court must contain a

---

by certified mail to Kristin A. Strong, whom the Bank had designated under Chapter 505 as the person to receive process. The citation was returned to the Secretary bearing the notation "Return to Sender, No Such Number, Unable to Forward."

The Bank did not appear in the quiet-title suit. Moss moved for a no-answer default judgment, which the trial court granted, rendering final judgment for Moss in April 2017.

Two months later, the Bank learned of the default judgment. It filed a notice removing the quiet-title suit to the U.S. District Court for the Northern District of Texas. The Bank argued that removal was timely because it had not been properly served. Moss moved for remand, which the federal district court granted, holding that the Bank had been properly served under Texas law and its removal was untimely. *Moss v. U.S. Bank Nat'l Ass'n for Residential Asset Mortg. Prods., Inc.*, No. 3:17-CV-1526-D, 2017 WL 4923894, at \*1 (N.D. Tex. Oct. 31, 2017).

On remand, the state trial court concluded that it lacked jurisdiction to consider the Bank's challenge to the default judgment's validity. In response, the Bank filed this equitable bill of review seeking to set aside the judgment. Both the Bank and Moss moved for summary judgment on the bill of review. Following a hearing, the trial court denied the Bank's motion for summary judgment, granted Moss's motion, and rendered judgment that the Bank take nothing on its bill of review.

---

certificate from the Secretary showing that it forwarded a copy of the citation to the defendant. Without that showing, the trial court did not have jurisdiction over the defendant. *Id.* at 95-96. Such a certificate is known as a *Whitney* certificate.

4

The Bank appealed and the Dallas Court of Appeals affirmed, holding that the service provisions for foreign corporate fiduciaries in the Estates Code are compatible with the provisions for serving financial institutions in section 17.028. 623 S.W.3d 444, 447 (Tex. App.—Dallas 2020). Thus, the court concluded that service on the Secretary as the appointed agent for a foreign corporate fiduciary satisfied section 17.028's requirement that citation be served on the financial institution's "registered agent." *Id.* at 450. The court also held that service on the Secretary was properly effected even though the *Whitney* certificate indicated that the forwarded notice was not received by the Bank. *Id.* at 454.

In this Court, the Bank contends that service on the Secretary under the Estates Code was improper because section 17.028 is the exclusive method of serving a financial institution. Moss responds that both Chapter 505 and section 17.028 can be given effect without contradiction.[3]

---

[3] We note that the service dispute in this case could have been avoided by either party. The Bank had been served under Chapter 505 in other cases, including a prior suit by Moss involving different property, so it was aware that it had not updated its designation of the person to receive process from the Secretary. Similarly, Moss was aware that citation forwarded to the Bank's Chapter 505 designee was unlikely to reach the Bank. *See Moss v. US Bank Nat'l Ass'n*, 3:16-CV-216-M-BK, 2016 WL 3198054, at *1 (N.D. Tex. May 19, 2016)*, report & rec. adopted* 2016 WL 3212094 (N.D. Tex. June 8, 2016); *see also, e.g., Ohio Gravy Biscuit, Inc. v. U.S. Bank,* No. 4:18-CV-0480-ALM-CAN, 2018 WL 6424785, at *2 (E.D. Tex. Oct. 26, 2018), *report & rec. adopted*, 2018 WL 6424698 (E.D. Tex. Dec. 5, 2018); *Grady v. Nationstar Mortgage, LLC*, 02-19-00006-CV, 2020 WL 5242418, at *3 (Tex. App.—Fort Worth Sept. 3, 2020, pet. denied); *U.S. Bank Nat'l Ass'n as Tr. for SROF-2013-M4 Remic Tr. I v. TFHSP LLC Series 6481*, 487 S.W.3d 715, 718 (Tex. App.—Fort Worth 2016, no pet.).

Texas courts of appeals are divided on this issue. In addition to the Dallas Court here, the Fort Worth Court has held in a similar case that the statutes are reconcilable and service under Chapter 505 satisfies section 17.028. *See Bank of New York Mellon v. NSL Prop. Holdings, LLC*, 02-17-00465-CV, 2018 WL 3153540, at *7 (Tex. App.—Fort Worth June 28, 2018, no pet.). The U.S. District Court for the Northern District of Texas has likewise held that the statutes can be harmonized. *See Moss*, 2017 WL 4923894, at *4. On the other hand, the El Paso Court has held that financial institutions must be served in accordance with section 17.028, and service under Chapter 505 is not necessarily sufficient. *Bank of New York v. Chesapeake 34771 Land Tr.*, 456 S.W.3d 628, 635 (Tex. App.—El Paso 2015, pet. denied). We granted review to resolve the disagreement.

## ANALYSIS

I. **Section 17.028 of the Civil Practice and Remedies Code prescribes the exclusive methods of serving a financial institution.**

We begin by addressing the Bank's argument that a plaintiff suing a financial institution must comply with section 17.028. Section 17.028(b) provides that "citation *may* be served on a financial institution by: (1) serving the registered agent of the financial institution; or (2) if the financial institution does not have a registered agent, serving the president or a branch manager at any [Texas] office." TEX. CIV. PRAC. & REM. CODE § 17.028(b) (emphasis added). Moss argues that the Legislature's choice of the word "may"—rather than "must" or "shall"—

6

signals its intent that service under section 17.028 is permissive, not mandatory.

We agree with Moss that, by definition, "may" does not mean "must." But "may" can have different meanings depending on its context. For example, "may" can be used to introduce a permitted option that a person may choose to pursue or not, or it can introduce a list of permitted options from which a person must choose.[4]

Moss argues that the use of "may" in subsection (b) permits a plaintiff to choose not to serve a financial institution in compliance with that subsection. We disagree. Rather, "may" is used to introduce two alternative methods of service, and which method applies depends on whether the institution has a registered agent. *See id.*

The remainder of section 17.028 confirms that in this context, a plaintiff must pursue the applicable method of service. Subsection (d) provides: "[i]f citation has not been properly served *as provided by this section*, a financial institution may maintain an action to set aside the default judgment . . . entered against the financial institution." TEX. CIV. PRAC. & REM. CODE § 17.028(d) (emphasis added). This subsection shows that the Legislature intended for section 17.028 to provide the

---

[4] *See Woods v. Littleton*, 554 S.W.2d 662, 668 (Tex. 1977) ("The word 'may' appears in the introductory phrase to the list of alternative remedies made available by the Act . . . . Given the position of 'may,' it cannot be doubted that the Legislature intended 'may' to indicate . . . several remedies from which to choose and that the court is to grant . . . that relief which the [plaintiff] proves a right to receive."); *see also* LARRY M. EIG, CONG. RSCH. SERV., 97-589, STATUTORY INTERPRETATION: GENERAL PRINCIPLES AND RECENT TRENDS 10 (2014) ("[O]rdinarily 'shall' is mandatory and 'may' is permissive. These words must be read in their broader statutory context, however, the issue often being whether the statutory directive itself is mandatory or permissive.")

exclusive methods of service on financial institutions. We therefore hold, as the federal district court did, that compliance with section 17.028 is mandatory when the defendant is a financial institution. *See Moss*, 2017 WL 4923894, at *4.

II. **Service on the Secretary of State is not service on a financial institution's "registered agent," as section 17.028 requires.**

   A. **The comprehensive statutory landscape shows that the Secretary is not a "registered" agent.**

Moss contends that even if compliance with section 17.028 is mandatory, he properly served the Bank through the Secretary of State because the Bank had appointed the Secretary as its agent for service under Chapter 505 of the Estates Code. Chapter 505 allows a foreign corporate fiduciary—which can include a financial institution—to serve in a fiduciary capacity in Texas without meeting certain requirements. In return for that privilege, Chapter 505 provides that foreign corporate fiduciaries "must" execute and file a written instrument that is irrevocable and of indefinite duration appointing the Secretary of State "as the fiduciary's agent for service of process . . . in an action or proceeding relating to a trust, estate, fund, or other matter within this state with respect to which the fiduciary is acting in a fiduciary capacity." TEX. EST. CODE § 505.004(a)(2). As required by Chapter 505, the Bank appointed the Secretary as its "agent."

To decide whether Moss complied with section 17.028 by serving the Secretary, we must determine whether the Secretary as the Bank's appointed "agent" under Chapter 505 is also its "registered agent" for purposes of section 17.028. Answering this question requires some

8

statutory hopscotch to identify the various provisions that govern entities organized outside Texas and require or permit them to register with the Secretary.

To begin with, section 17.028 of the Civil Practice and Remedies Code governs service on a financial institution. The statute does not define "financial institution," instead cross-referencing the definition provided in section 201.101 of the Finance Code. That section's definition of financial institution includes a bank chartered under the laws of the United States, as U.S. Bank is. TEX. FIN. CODE § 201.101(1)(A). The Bank also qualifies as an "out-of-state financial institution" because it is not chartered under Texas law and has its main office in another state. *Id.* § 201.101(2). The next section provides that "[a]n out-of-state financial institution must file an application for registration with the secretary of state . . . by complying with the law of this state relating to foreign corporations doing business in this state, notwithstanding a provision in that law that purports to limit or prohibit its applicability to financial institutions." *Id.* § 201.102.

The general law relating to registration of foreign corporations doing business in Texas is Chapter 9 of the Business Organizations Code. Chapter 9 requires a foreign corporation to file an application for registration with the Secretary to transact business in Texas. TEX. BUS. ORGS. CODE §§ 9.001(a)(1), 9.004(a). The application must state "the name and the address of the initial registered agent for service of process that Chapter 5 [of the Business Organizations Code] requires to be maintained," and "that the secretary of state is appointed the agent of

9

the foreign filing entity for service of process under the circumstances provided by Section 5.251." *Id*. § 9.004(b)(9), (11).

Turning to Chapter 5, it requires each foreign entity to "designate and continuously maintain" a "registered agent," which is "an agent of the entity on whom may be served any process, notice, or demand required or permitted by law to be served on the entity," and may be either "an individual" or "an organization" that meets certain requirements. *Id*. § 5.201(a), (b). Section 5.251 provides that if (among other situations) the entity "fails to appoint or does not maintain a registered agent in this state," or "the registered agent . . . cannot with reasonable diligence be found at the registered office," then "[t]he secretary of state is an agent of [the] entity for purposes of service of process." *Id*. § 5.251.

Thus, both section 5.251 and section 9.004 of the Business Organizations Code refer to the Secretary as an "agent." But they treat the Secretary as separate from any "registered agent" maintained by the registered entity.

While the Business Organizations Code governs foreign entities generally, Chapter 505 of the Estates Code provides a separate set of agency and service rules for foreign corporate fiduciaries, which are defined broadly in section 505.001 so that covered fiduciaries include but are not limited to financial institutions.[5] Section 505.002 prevents the registration requirement in Chapter 9 of the Business Organizations Code from applying to such fiduciaries by providing that they are "not

---

[5] *See supra* note 1.

10

transacting business in the state within the meaning of Section 9.001." TEX. EST. CODE § 505.002(a)(1). As discussed above, Chapter 505 goes on to require that a foreign corporate fiduciary file with the Secretary "a properly executed written instrument . . . appointing the secretary . . . as the fiduciary's agent for service of process" for certain actions. *Id.* § 505.004(a)(2). This provision does not refer to the Secretary as a "registered agent."

In summary, this exploration of the statutory landscape shows that neither Chapters 5 and 9 of the Business Organizations Code, nor Chapter 505 of the Estates Code, identify the Secretary as a "registered" agent. To the contrary, Chapters 5 and 9 distinguish between a registered agent and the Secretary as agent. Moreover, all of the relevant statutory schemes indicate that a foreign financial institution—whether serving as a fiduciary or not—must register with the Secretary and thus appoint a registered agent. Chapter 505 expressly provides that it is "in addition to, and not a limitation on," certain portions of the Finance Code including section 201.102. *Id.* § 505.002(b). And for its part, section 201.102 requires an out-of-state financial institution to register with the Secretary under Chapter 9 "notwithstanding a provision . . . that purports to limit or prohibit its applicability to financial institutions." TEX. FIN. CODE § 201.102.

Having considered all the relevant statutes, we conclude that although the Secretary of State is a valid agent for service of process in some contexts, it does not occupy the role of a foreign corporation's "registered agent" as defined in the Business Organizations Code. In a case against a foreign financial institution, therefore, service on the

11

Secretary pursuant to Chapter 505 of the Estates Code does not constitute service on the institution's registered agent as required by section 17.028.

### B. Courts holding otherwise did not address all relevant statutes.

Moss emphasizes that the state trial court and court of appeals that considered this bill of review—like the federal district court that heard the underlying case on removal—concluded that service on the Secretary pursuant to Chapter 505 is equivalent to serving a financial institution's registered agent for purposes of section 17.028. We disagree with their conclusion.

The federal district court held that section 17.028 and Chapter 505 are not irreconcilable, reasoning that "[b]ecause under the Estates Code the financial institution appoints the Secretary of State as its agent when it acts as a foreign corporate fiduciary, serving the Secretary of State qualifies as 'serving the registered agent of the financial institution.'" *Moss*, 2017 WL 4923894, at *4. The Dallas Court of Appeals reached an almost identical holding: "Because the financial institution appoints the secretary of state as its agent when it acts as a foreign corporate fiduciary, serving the secretary of state qualifies as 'serving the registered agent of the financial institution.' Therefore, service on a foreign corporate fiduciary under the Estates Code is valid service under § 17.028." *U.S. Bank Nat'l Ass'n*, 623 S.W.3d at 450. This holding is consistent with the Fort Worth Court of Appeals' earlier decision in *Bank of New York Mellon v. NSL Property Holdings, LLC*, 2018 WL 3153540, at *3.

12

None of these courts addressed how the Estates Code and Civil Practice and Remedies Code interact with the Finance Code or Business Organizations Code, and it is possible that the parties failed to bring all relevant statutes to the courts' attention. Because these courts focused exclusively on the Estates and Civil Practice and Remedies Codes, they did not take into account the useful information to be gained from the statutory landscape as a whole. When all relevant statutes are considered, it becomes clear that the Legislature did not consider the Secretary to be a financial institution's "registered agent" under section 17.028.

We acknowledge that the service scheme that emerges from these statutes is neither straightforward nor ideal and agree with the federal district court that the overlap between the service methods in Chapter 505 and section 17.028 "renders them potentially redundant." *Moss*, 2017 WL 4923894, at *6. But we also agree that "the court is unable to streamline administrative procedures when the plain statutory text dictates what qualifies as proper service." *Id.* Here, the text of section 17.028 requires service on a financial institution's "registered agent," and the text of other statutes establishes that the Secretary is not a "registered" agent.

For its part, the Bank relies heavily on the El Paso Court of Appeals' decision in *Bank of New York v. Chesapeake 34771 Land Trust*. *Chesapeake* concerned an identical service of process issue: whether service on Bank of New York via the Secretary under Chapter 505 satisfied the requirements of section 17.028. The court of appeals held

13

that it did not and reversed the default judgment against the bank. 456 S.W.3d at 636.

Although we agree with the outcome in *Chesapeake*, we do not embrace its reasoning. *Chesapeake* held that service under Chapter 505 was improper because "the appointment of the Secretary of State as the agent to receive service of process under [Chapter 505] is limited to matters related to an estate," and "the [plaintiff] did not allege in any of its pleadings that the Bank was acting in any [capacity] in a matter related to an estate, and the record does not so establish." *Id.* at 635. This holding rests on an incomplete reading of the statute. As discussed above, section 505.004 provides that the Secretary may be served as the agent of a foreign corporate fiduciary in an action "relating to a trust, estate, fund, *or* other matter . . . with respect to which the fiduciary is acting in a fiduciary capacity." TEX. EST. CODE § 505.004(a)(2) (emphasis added). The limitation on which the *Chesapeake* court of appeals relied—that the underlying proceeding must relate to an estate—is not grounded in the statute's text. Nevertheless, the result in *Chesapeake* was correct for the reasons explained above.

### III. Because Moss did not serve U.S. Bank's registered agent, the Bank is entitled to have the default judgment set aside.

A default judgment is improper against a defendant who has not been served in strict compliance with the law, accepted or waived process, or entered an appearance. TEX. R. CIV. P. 124; *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990). As we have explained, Moss's service of the Bank via the Secretary of State pursuant to Chapter 505 did not constitute service on the financial institution's registered agent as

14

required by section 17.028. Because section 17.028 is mandatory and provides the exclusive methods of service for financial institutions, the Bank was not properly served, and the default judgment rendered against it must be set aside.

## CONCLUSION

For these reasons, we reverse the judgment denying the bill of review, render summary judgment setting aside the default judgment, and remand the case to the trial court for further proceedings on the merits of the underlying suit.

J. Brett Busby
Justice

**OPINION DELIVERED:** February 25, 2022

15